MID-AMERICAN NATIONAL BANK & TRUST CO., APPELLEE, *v.* GYMNASTICS INTERNAT'L, INC.; WESTGATE HEALTH FOODS, INC., APPELLANT.

(No. L-81-250—Decided April 16, 1982.)

*Mr. Robert Pollex,* for appellee.
*Mr. Joseph D. Shibley,* for appellant.

*Per Curiam.* Defendant-appellant, Westgate Health Foods, Inc., appeals the August 3, 1981, decision of the Lucas County Court of Common Pleas which granted the motion of plaintiff-appellee, Mid-American National Bank & Trust Co., for summary judgment as to the validity of its mortgage dated November 10, 1976.

Gymnastics International, Inc., obtained several loans from Mid-American National Bank. These loans were secured by a mortgage on the real estate which is the subject of the case *sub judice.* Said mortgage was filed November 12, 1976. Subsequently, Gymnastics International, Inc., failed to make certain payments and breached the terms of the mortgage.

Mid-American National Bank filed an action, *inter alia,* to foreclose on the mortgage. Joined as defendants were all parties having an interest in the property in question.

Defendants challenged the validity of plaintiff's mortgage due to an alleged defective acknowledgment. Defendants alleged that the mortgage as filed on November 12, 1976, was invalid and did not create a lien with priority over subsequently recorded deeds and mortgages.

The trial court found that the acknowledgments substantially complied with R.C. 147.55 (B) regarding the recitals to be included in a certificate of acknowledgment. The trial court found that the plaintiff's mortgage had priority

as of the date of its recording on November 12, 1976.

Westgate Health Foods, Inc., is the only defendant appealing the trial court's decision. It presents the following assignments of error:

"1. The trial court erred prejudicially in finding that the acknowledgment to appellee's mortgage was in 'substantial compliance' with law.

"2. The trial court erred prejudicially in finding that the acknowledgment to appellee's mortgage was valid and effective since it did not set forth the facts required by O.R.C. § 147.53, § 147.54, § 147.55 and § 5301.01.

"3. The judgment of the trial court is contrary to law for the reason that the appellee's mortgage was defectively · acknowledged at the time appellant recorded its mortgage on the same real estate and therefore was without any effect at law or in equity against third persons including appellant.

"4. The judgment of the trial court is contrary to law for the reason that the appellee's mortgage was defectively, acknowledged at the time appellant recorded its mortgage on the same real estate and therefore was not entitled to be recorded."

Appellant alleges that the following acknowledgment is defective:

"State of Ohio, Lucas County, SS:

"Before me, a Notary Public within and for said County, personally appeared the above named grantors and mortgagors, Gymnastics International Inc., an Ohio Corporation, and acknowledged the signing and sealing of the foregoing conveyance to be their voluntary act and deed, for the uses and purposes therein expressed."

R.C. 5301.01 governs the case *sub judice*. As applied to this case, R.C. 5301.01 requires that a mortgage must be signed by the mortgagor, and the signing acknowledged by the mortgagor in the presence of two witnesses who attest the signing and subscribe their names to the attestation. This section further provides that such signing must be acknowledged by the mortgagor before a notary public or other public officer, who shall certify the acknowledgment and subscribe his name to the certificate of such acknowledgment.

A review of the document at issue indicates the mortgagor, Gymnastics International, Inc., appearing through its president, James S. Bassett, and its secretary-treasurer, Benjamin B. Durfee, signed the mortgage and acknowledged the mortgage in the presence of two witnesses. These two witnesses attested the signing and subscribed their names to the attestation. The additional requirement of R.C. 5301.01 is that the mortgagor's acknowledgment be certified by a notary public.

The acknowledgment before a notary public, or any other public official mentioned in R.C. 5301.01, includes the formal execution of the certificate by the officer taking the acknowledgment. The issue in the case *sub judice* is whether the recitals in the certificate of acknowledgment substantially comply with the requirements of R.C. 5301.01. More specifically, the question involves whether the recital that "personally appeared the above named grantors and mortgagors, Gymnastics International, Inc., an Ohio Corporation," without mentioning who appeared personally on behalf of the corporation, is so defective as to omit a substantial part of the requirements of R.C. 5301.01.

Appellant relies on the case of *Smith's Lessee* v. *Hunt* (1844), 13 Ohio 260, where the court held that an acknowledgment which omits the name of the mortgagor is . defective. We do not find *Smith's Lessee, supra*, determinative in the case *sub judice*, which involves an incomplete description of the grantor and not the total omission as in *Smith's Lessee*. We find persuasive the principle enunciated in *Dodd* v. *Bartholomew* (1886), 44 Ohio St. 171, where the acknowledgment recited

that Charles B. Clark and Mary Clark were the grantors, when, in fact, the instrument was signed by Charles A. Clark and Sarah Clark, as grantors. The court found that the acknowledgment was not defective and in the syllabus stated the following:

"1. Where an error occurs in the name of a party to a written instrument, apparent upon its face, and, from its contents, susceptible of correction, so as to identify the party with certainty, such error does not affect the validity of the instrument.

"2. * * * Held, that the errors in the names of the grantor and his wife, in the several clauses of the deed, and in the certificate of acknowledgment, are apparent upon the face of the instrument, and that the contents show, with certainty, that the persons, Charles A. Clark and Sarah Clark, who signed the deed as grantor and wife, are the same persons elsewhere described in the deed as Charles B. Clark and Mary Clark; and that the deed so executed and delivered, having been recorded, is a valid mortgage, not only against the makers, but against all subsequent lienholders, by mortgage or otherwise."

This principle of interpretation of instruments is also discussed in 7 Thompson on Real Property (1962) 611, Section 3314, as follows:

"In aid of the certificate of acknowledgment reference may be had to the deed or to any part of it; and every reasonable intendment should be made to its support. If from the face of the deed, including the certificate of acknowledgment, there is no doubt as to what was done, which was in accordance with the requirements of the statute, the acknowledgment should be held valid."

See, also, 1 American Jurisprudence 2d 476, Acknowledgments, Section 42, where it states that:

"* * * in support of the certificate, reference may be had to the instrument to which it relates, and the two writings may be read together to determine whether there has been compliance with the statute."

Applying these principles to the case sub judice, we find that although the recital is to some extent incomplete, the certificate of acknowledgment substantially complies with the essential requisites of R.C. 5301.01. It is apparent from the face of the instrument that "the above named * * * mortgagors, Gymnastics International Inc." appeared through its officers, the president and secretary-treasurer. The notary public was also a witness; she, therefore, saw the officers sign and acknowledge the instrument. It is also apparent that the notary public's certification, that the corporation acknowledged the signing of the foregoing conveyance voluntarily for the uses and purposes therein expressed, refers to the officers' actions of acknowledgment. See Annotation, Sufficiency of Certificate of Acknowledgment, 25 A.L.R. 2d 1124; see, also, Sheldon v. Farinacci (Texas Civ. App. 1976), 535 S.W. 2d 938.

Finding that the certificate of acknowledgment substantially complies with R.C. 5301.01 and was properly recorded, assignments of error one, three and four are not well-taken.

As the second assignment of error, appellant alleges that appellee's mortgage was invalid since the acknowledgment does not set forth the recitals contained in R.C. 147.53 and 147.54.

R.C. 147.51 to 147.58 are modeled after the Uniform Recognition of Acknowledgments Act. The purpose of the Uniform Act, as stated in the prefatory note of the National Conference of Commissioners on Uniform State Laws, 14 U.L.A. 197, is to establish a simplified and certain form for taking acknowledgments, both within and without the state, and to specify how acknowledgments and other notarial acts taken out of the state could be taken so as to be recognized in the enacting state. R.C. 147.55 provides short forms of acknowledgments and ex-

pressly states that the forms are not mandatory. Therefore, finding, as did the trial judge, that there was substantial compliance with R.C. 147.55 (B), for the reasons heretofore stated, appellant's second assignment of error is not well-taken.

On consideration whereof, this court finds that substantial justice has been done the parties complaining and judgment of the Lucas County Court of Common Pleas is affirmed.

*Judgment affirmed.*

POTTER, BARBER and WILEY, JJ., concur.

WILEY, J., retired, of the Sixth Appellant District, was assigned to active duty under authority of Section 6 (C), Article IV, Constitution.