In re Debra A. **BOZMAN**, Cornelius E. Bozman, Debtors.

William B. Logan, Jr., Plaintiff,

v.

Universal 1 Credit Union, Inc., Defendant.

Bankruptcy No. 05–59775.

Adversary No. 06–02498.

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

March 31, 2007.

Kenneth M. Richards, Columbus, OH, for Plaintiff.

Amelia A. Bower, Columbus, OH, for Defendant.

*MEMORANDUM OPINION GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT*

C. KATHRYN PRESTON, Bankruptcy Judge.

This cause came on for consideration of the Defendant Universal 1 Credit Union, Inc.'s ("Universal") Motion for Summary Judgment (Doc. 9), Plaintiff William Logan's ("Trustee") Motion for Summary Judgment (Doc. 10), Universal's response (Doc. 11), and the Trustee's response (Doc. 12) filed in the above captioned adversary proceeding. The Court having considered the record and the arguments of the parties, makes the following findings and conclusions.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and the standing General Order of Reference entered in this District. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (K). Venue is properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## I. Standard of Review for Motions for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Bankruptcy Rule 7056, provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party seeking summary judgment bears the initial burden of "informing the ... court of the basis for its motion, and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

If the movant satisfies this burden, the nonmoving party must then "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). The mere allegation of a factual dispute is not sufficient to defeat a motion for summary judgment; to prevail, the nonmoving party must show that there exists some genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48,

106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When deciding a motion for summary judgment, all justifiable inferences must be drawn in favor of the nonmoving party. *Id.* at 255, 106 S.Ct. 2505.

The Sixth Circuit Court of Appeals has succinctly described the standard to grant a motion for summary judgment as follows:

> [T]he moving party may discharge its burden by "pointing out to the [bankruptcy] court ... that there is an absence of evidence to support the nonmoving party's case." The nonmoving party cannot rest on its pleadings, but must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial. Although we must draw all inferences in favor of the nonmoving party, it must present significant and probative evidence in support of its complaint. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]."

*Gibson v. Gibson (In re Gibson)*, 219 B.R. 195, 198 (6th Cir. BAP 1998) (citing *Hall v. Tollett*, 128 F.3d 418, 421–22 (6th Cir. 1997)) (internal citations omitted) (alterations in Gibson). A material fact is one whose resolution will affect the determination of the underlying action. *Tenn. Dep't of Mental Health & Mental Retardation v. Paul B.*, 88 F.3d 1466, 1472 (6th Cir.1996). An issue is genuine if a rational trier of fact could find in favor of either party on the issue. *Schaffer v. A.O. Smith Harvestore Prods., Inc.*, 74 F.3d 722, 727 (6th Cir.1996) (citation omitted). "The substantive law determines which facts are 'material' for summary judgment purposes." *Hanover Ins. Co. v. American Eng'g Co.*, 33 F.3d 727, 730 (6th Cir.1994) (citations omitted). In determining whether each party has met its burden, the court must keep in mind that "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses...." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

## II. Findings of Fact

Upon the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, the Court makes the following findings of fact: Debra and Cornelius Bozman ("Debtors") filed their Chapter 7 voluntary petition on August 2, 2006. The Debtors own real property located at 1196 East 24th Avenue, Columbus, Ohio, which constitutes property of their bankruptcy estate pursuant to 11 U.S.C. § 541. Debtors granted a mortgage to Defendant, ("Mortgage") which was recorded with Franklin County Recorder's Office on April 20, 2004. Plaintiff and Defendant agree that the copy of the Mortgage attached to Plaintiff's complaint as an exhibit is a true and accurate copy of the one on file at the Franklin County Recorder's Office. The only page in the Mortgage that contains complete signatures of Debtors appears as follows:

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

| /s/Steven Williams | /s/Debra A. Bozman [1] | (Seal) |
|---|---|---|
| Steven Williams | Debra A. Bozman–Borrower | |
| | /s/Cornelius E. Bozman | (Seal) |
| | Cornelius E. Bozman–Borrower | |

_____ Space Below this Line for Acknowledgment _____

---

1. The "/s/" followed by Debtors' names is the Court's attempt to reproduce what really is an actual signature on the Mortgage document.

Complaint, Exhibit A at 16. In addition, the Mortgage contains directly below the "Line for Acknowledgment" an imprint of a notary stamp containing a notarial seal for the State of Ohio, the text "Steven D. Williams, Notary Public, State of Ohio, My Commission Expires 12–08–08," and the signature of Steven Williams. Complaint, Exhibit A at 16. The Mortgage does not, however, contain any additional language or text on the page with the notary stamp.

The Trustee argues that he is entitled to avoid the Mortgage because it does not contain an acknowledgment as required by Ohio Revised Code § 5301.01. In contrast, Universal asserts that the Mortgage is valid under Ohio law because the notary signature and commission information affixed to the section of the Mortgage designated for the acknowledgment complies with the statute, and in the alternative, the Mortgage is valid under Ohio law because it substantially complies with the statute.[2]

### III. Conclusions of Law

■ The party challenging the validity of a mortgage must prove by clear and convincing evidence that the mortgage is not valid. *See Menninger v. Mortgage Elec. Registration Sys. (In re Bowling),* 314 B.R. 127, 135 (Bankr.S.D.Ohio 2004). Pursuant to the Bankruptcy Code, "[t]he Trustee shall have . . . the rights and powers of, or may avoid any transfer of property of the debtor . . . that is voidable by a bona fide purchaser of real property. . . ."

11 U.S.C. § 544(a)(3) (2005).[3] The Ohio Revised Code provides, in pertinent, part as follows:

(A) A deed, mortgage, land contract . . . or lease of any interest in real property and a memorandum of trust . . . shall be signed by the grantor, mortgagor, vendor, or lessor in the case of a deed, mortgage, land contract, or lease or shall be signed by the settler and trustee in the case of a memorandum of trust. The signing shall be acknowledged by the grantor, mortgagor, vendor, or lessor, or by the settler and trustee, before a judge or clerk of a court of record in this state, or a county auditor, county engineer, notary public, or mayor, who shall certify the acknowledgement and subscribe the official's name to the certificate of the acknowledgement.

O.R.C. § 5301.01(A). "The acknowledgment before a notary public, or any other public official mentioned in [O.]R.C. 5301.01, includes the *formal execution* of the certificate by the officer taking the acknowledgment." *Mid–American Nat'l Bank & Trust Co. v. Gymnastics Internat'l, Inc.,* 6 Ohio App.3d 11, 12, 451 N.E.2d 1243 (1982). The execution of a mortgage must comply with these statutorily required formalities to be considered valid. *See Simon v. Chase Manhattan Bank (In re Zaptocky),* 250 F.3d 1020, 1024 (6th Cir.2001). This is significant because under Ohio law a mortgage that is improperly executed is not entitled to be

---

2. Universal also argues that the equitable doctrine of part performance removes the mortgage from operation of the statute; however, this Court finds that the doctrine of part performance is inapplicable to the facts of this case because it does not involve an oral or verbal contract. *See Myers v. Croswell,* 45 Ohio St. 543, 547, 15 N.E. 866 (1888) ("[C]ertain acts done in the part performance of verbal contracts for the sale of lands, may operate to take them out of the statute. . . ."). In addition, "[e]quitable remedies are gener-

ally not available with regard to the rights and powers of a bankruptcy trustee under 11 U.S.C. § 544(a)(3)." *Field v. Wells Fargo (In re Bross),* 2006 Bankr.LEXIS 523, *6 (Bankr. S.D.Ohio Jan. 18, 2006) (citing *Norwest Bank Worthington v. Ahlers,* 485 U.S. 197, 108 S.Ct. 963, 99 L.Ed.2d 169 (1988)).

3. This case was filed before the effective date of most amendments to the Bankruptcy Code enacted by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

recorded. *See* O.R.C. § 5301.25(A). As a result, a bona fide purchaser who does not have knowledge of the existence of the prior mortgage can avoid it. *See* O.R.C. § 5301.25; *Simon v. Chase Manhattan Bank (In re Zaptocky)*, 250 F.3d 1020, 1024 (6th Cir.2001). Notwithstanding, if the execution of a mortgage "substantially complies" with the statutory requisites of O.R.C. § 5301.01(A), the mortgage may still be considered valid. *See Menninger v. First Franklin Fin. Corp. (In re Fryman)*, 314 B.R. 137, 138 (Bankr.S.D.Ohio 2004).

In the present case, the Mortgage document does not contain any language normally found in an acknowledgment, nor does it contain a certification of the acknowledgment. Ohio Revised Code provides as follows:

█ The person taking an acknowledgment shall certify that:

(A) The person acknowledging appeared before him and acknowledged he executed the instrument;

(B) The person acknowledging was known to the person taking the acknowledgment, or that the person taking the acknowledgment had satisfactory evidence that the person acknowledging was the person described in and who executed the instrument.

O.R.C. § 147.53. The Ohio Revised Code further provides suggestions of what language would be sufficient to qualify as an acknowledgment under Ohio law. *See* O.R.C. § 147.55. For example, the language suggested for an acknowledgment of an individual acting in his own right could simply state as follows: "The foregoing instrument was acknowledged before me this (date) by (name of person acknowledged)[.]" O.R.C. § 147.55. This language, or something substantially similar accompanied by the signature of the person taking the acknowledgment is sufficient to satisfy the statutory requirements of O.R.C. § 5301.01. In this case, however, the Mortgage at issue does not contain any of the acknowledgment language suggested by O.R.C. § 147.55 or anything substantively similar. Universal has not provided any evidence that the Mortgage contains any language purporting to be an acknowledgment or certification of an acknowledgment. Instead, Universal asserts that the acknowledgment complies with Ohio law because "the notary wrote his name and included his commission information in the area of the Mortgage designated for the acknowledgment." Defendant's Motion for Summary Judgment at 2. This Court disagrees and finds as a matter of law that a notary's signature and seal without additional language similar in content, if not the same, as that contained in O.R.C. § 147.55 is insufficient to constitute an acknowledgment for the execution of a mortgage. *See In re Wheeler*, 2006 WL 1645214, *3, 2006 U.S. Dist. LEXIS 38733, *10 (S.D. Ohio June 12, 2006) (rejecting creditor's argument that signing of the mortgage in the presence of the notary, but without his certification of acknowledgment, was in compliance with [O.R.C.] § 5301.01).[4] Therefore,

4. In support of Universal's Motion for Summary Judgment, it attached an affidavit of Kevin D. Williams, the notary that signed the Mortgage, wherein Mr. Williams states that he took the acknowledgment of the Debtors when they signed the Mortgage, that the Debtors appeared before him to sign the Mortgage, and the Debtors provided driver's licenses to verify their identities. Defendant's Motion for Summary Judgment, Exhibit 1.

The affidavit, however, does not indicate that Mr. Williams certified the Debtors' acknowledgment, nor does it explain or address why a certificate of the acknowledgement is not contained in the Mortgage as required by O.R.C. § 5301.01(A). Even if the affidavit did state that the notary certified the acknowledgment, this Court is not satisfied that would over-

the execution of the Mortgage in this case fails to comply with all of the statutory requirements because it does not contain an acknowledgment or a certification of acknowledgment required by O.R.C. § 5301.01.

Furthermore, the execution of the Mortgage does not "substantially comply"' with the statutory requirements. When the validity of a mortgage is challenged for failure to comply with the statutory mandates of O.R.C. § 5301.01, a court can "review the nature of the error and the balance of the document to determine whether or not the 'instrument supplies within itself the means of making the correction.' " *Menninger v. First Franklin Fin. Corp. (In re Fryman)*, 314 B.R. 137, 138 (Bankr. S.D.Ohio 2004) (quoting *Dodd v. Bartholomew*, 44 Ohio St. 171, 175, 5 N.E. 866 (1886)). This principle enunciated by the *Dodd* court essentially allows a court to determine whether the execution of a mortgage is in "substantial compliance" with O.R.C. § 5301.01. *See Menninger v. First Franklin Fin. Corp. (In re Fryman)*, 314 B.R. 137, 138 (Bankr.S.D.Ohio 2004). Under Ohio law, a mortgage that substantially complies with O.R.C. § 5301.01 will be considered valid. *See Mid–American Nat'l Bank & Trust Co. v. Gymnastics Internat'l, Inc.*, 6 Ohio App.3d 11, 451 N.E.2d 1243 (1982); *In re Wheeler*, 2006 WL 1645214, *2, 2006 U.S. Dist. LEXIS 38733, *6 (S.D. Ohio June 12, 2006). As previously discussed, the Mortgage in the present case does not contain a certificate of acknowledgment or any semblance of one. As such, it is impossible for some-

thing to substantially comply with a statute when it does not exist in any form. The location of the notary's signature and seal in the space designated for the acknowledgment without language to meet the criteria for an acknowledgment under O.R.C. § 147.53 is insufficient to qualify as an acknowledgment or certificate of acknowledgment.

Moreover, nothing within the Mortgage at issue provides a means of making the correction because there simply is no language in the document to indicate that the Debtors appeared before a notary and acknowledged that they signed the Mortgage.[5] It is not apparent from the Mortgage document that the Debtors ever acknowledged signing the instrument. Accordingly, the Mortgage is not in substantial compliance with O.R.C. § 5301.01. The Mortgage, therefore, has not been properly executed.

A mortgage that is not properly executed is not entitled to be recorded. *See* O.R.C. § 5301.25(A); *Menninger v. Mortgage Elec. Registration Sys. (In re Bowling)*, 314 B.R. 127, 134 (Bankr.S.D.Ohio 2004). Furthermore, "an improperly executed mortgage does not put a subsequent bona fide purchaser on constructive notice." *Simon v. Chase Manhattan Bank (In re Zaptocky)*, 250 F.3d 1020, 1028 (6th Cir.2001) (citations omitted). The Trustee has proven by clear and convincing evidence that the Mortgage in this case is not entitled to be recorded and does not put a subsequent bona fide purchaser on constructive notice because it failed to contain

come the fact that the Mortgage itself does not contain a certificate evidencing the same.

5. Even though the notary's affidavit in support of Universal's Motion for Summary Judgment states that the Debtors appeared before the notary and acknowledged the signing of the Mortgage, the doctrine of substantial compliance mandates that the corrective language

or the means of making the correction be found within the Mortgage document itself. An affidavit attached to a motion for summary judgment is not part of the Mortgage document and in this case was produced years after the execution of the Mortgage. Thus, the statements in the affidavit in this case cannot provide the means of making the correction in the defective Mortgage.

a certificate of acknowledgment and was not properly executed.[6] Accordingly, the Trustee can avoid the Mortgage in this case as a subsequent bona fide purchaser pursuant to the authority granted to him under 11 U.S.C. § 544(a)(3) and preserve the Mortgage for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 551.

## IV.  Conclusion

For the foregoing reasons, the Court finds that the Mortgage in favor of Universal was improperly executed, was not entitled to be recorded and does not put a subsequent bona fide purchaser on notice. The Court further finds that the Trustee can avoid the Mortgage and preserve it for the benefit of the bankruptcy estate.  Accordingly, the Court hereby DENIES Defendant's Motion for Summary Judgment in its entirety and GRANTS Plaintiff's Motion for Summary Judgment in its entirety.

Counsel for the Plaintiff shall submit a Final Judgment consistent with this Opinion.

**IT IS SO ORDERED.**

---

**6.**  Universal cites to numerous cases in support of its motion for summary judgment; however, those cases are distinguishable from the present case because the instruments at issue in the cases actually contained certificates of acknowledgment so the courts therein had to determine if the content of the certificates were sufficient to comply with O.R.C. § 5301.  *See Mid–American Nat'l Bank & Trust Co. v. Gymnastics Internat'l, Inc.*, 6 Ohio App.3d 11, 451 N.E.2d 1243 (1982) (holding that although the recital in the certification is somewhat incomplete, it nonetheless substantially complies with O.R.C. § 5301); *Amick v. Woodworth*, 58 Ohio St. 86, 50 N.E. 437 (1898) (determining that a grantee in an instrument is disqualified to act as the official taking and certifying the acknowledgment of grantor); *Wayne Bldg. & Loan Co. v. Hoover*, 12 Ohio St.2d 62, 231 N.E.2d 873 (1967) (holding that the certificate of acknowledgment was sufficient).