[Cite as *Fragola v. Graham*, 2016-Ohio-8281.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| FREDERICK FRAGOLA | | C.A. No. 27872 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| DIANNE L. GRAHAM | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | | CASE No. CV 2014 02 0685 |

DECISION AND JOURNAL ENTRY

Dated: December 21, 2016

SCHAFER, Judge.

{¶1} Plaintiff-Appellant, Frederick Fragola, appeals the judgment of the Summit County Court of Common Pleas granting summary judgment in favor of Defendant-Appellee, Dianne Graham, on Fragola's claims to quiet title and for declaratory judgment, constructive trust, and equitable partition. For the reasons that follow, we affirm in part, reverse in part, and remand.

I.

{¶2} This matter relates to a property dispute involving Mr. Fragola and his adopted sister, Ms. Graham. The subject property was owned by their mother, Monica Fragola, who lived on the property with Mr. Fragola. Ms. Graham also occasionally lived on the property. In 2000, Ms. Fragola recorded a survivorship deed transferring ownership of the property to her and Mr. Fragola jointly. In 2002, Mr. Fragola executed a quitclaim deed in favor of Ms. Fragola,

who then executed a transfer on death deed ("TOD deed") that named herself as the sole owner and Mr. Fragola as the transfer on death beneficiary ("the 2002 Deed").

{¶3}    In 2006, a new TOD deed was recorded that named Ms. Fragola as the sole owner of the property and Ms. Graham as the transfer on death beneficiary (the "2006 Deed"). Although Ms. Fragola's name is listed at the top of the deed as the grantor, her name is not typed below the signature block for the grantor.  Additionally, the section above the grantor's signature block does not list the date on which the deed was executed.  Instead, the 2006 Deed states, "Witness hand(s) this ___ day of ___ Year of _____."  Two witnesses signed the 2006 Deed, as did a notary public.  But, the acknowledgment portion of the deed lacked both the date and the name of the grantor.

{¶4}    After Ms. Fragola's death in 2014, Ms. Graham executed an affidavit to transfer title to the subject property based on the 2006 Deed.  Ms. Graham then recorded an affidavit relating to title executed by the notary who attempted to acknowledge the 2006 Deed.  The notary attested that she was duly-commissioned on the day of the deed's execution and that she personally witnessed Ms. Fragola sign the deed on October 24, 2006.  Ms. Graham sent Mr. Fragola a letter ordering him to vacate the subject property, but he refused to comply on the basis that he held an ownership interest in the property.

{¶5}    Mr. Fragola filed a quiet title action requesting a declaratory judgment that he has an interest in the property as the transfer on death beneficiary of the 2002 Deed.  He alternatively asked for the creation of a constructive trust or an equitable partition.  The parties filed cross-motions for summary judgment and the trial court granted Ms. Graham's motion.  The court reasoned that the 2006 Deed is valid despite any defects in the notary acknowledgment because there was no indication that there was fraud in its execution or recordation.  As a result, the trial

court concluded that Ms. Graham was the owner of the subject property by virtue of the 2006 Deed and Mr. Fragola was not entitled to a declaratory judgment, quiet title relief, or the creation of a constructive trust or equitable partition.

{¶6}    Mr. Fragola filed this timely appeal, which presents two assignments of error for our review.  Since both assignments of error implicate similar issues, we elect to address them together.

II.

**Assignment of Error I**

**The trial court erred as a matter of law in determining that the defective deed [was] effective to complete a valid transfer.**

**Assignment of Error II**

**The trial court erred as a matter of law in determining that Appellant did not have an interest in the property.**

{¶7}    In his assignments of error, Mr. Fragola argues that the trial court erred by finding that the 2006 Deed was valid and by determining that he lacked any interest in the subject property.

**A.  Standard of Review**

{¶8}    We review a trial court's award of summary judgment de novo.  *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).  Summary judgment is only appropriate where (1) no genuine issue of material fact exists; (2) the movant is entitled to judgment as a matter of law; and (3) the evidence can only produce a finding that is contrary to the non-moving party.  Civ.R. 56(C).  Before making such a contrary finding, however, a court must view the evidence "most strongly in favor" of the non-moving party, *id*., and resolve all doubts in its favor, *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359 (1992).

**{¶9}** Summary judgment proceedings create a burden-shifting paradigm. To prevail on a motion for summary judgment, the movant has the initial burden to identify the portions of the record demonstrating the lack of a genuine issue of material fact and the movant's entitlement to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). In satisfying this initial burden, the movant need not offer affirmative evidence, but it must identify those portions of the record that support her argument. *Id.* Once the movant overcomes the initial burden, the non-moving party is precluded from merely resting upon the allegations contained in the pleadings to establish a genuine issue of material fact. Civ.R. 56(E). Instead, it has the reciprocal burden of responding and setting forth specific facts that demonstrate the existence of a "genuine triable issue." *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996).

### B. Execution and Acknowledgment Requirements for TOD Deeds

**{¶10}** Former R.C. 5302.22(A)[1] relevantly provides as follows:

> A deed conveying any interest in real property, and in substance following the form set forth in this division, *when duly executed in accordance with Chapter 5301. of the Revised Code* and recorded in the office of the county recorder, creates a present interest as sole owner or as a tenant in common in the grantee and creates a transfer on death interest in the beneficiary or beneficiaries. Upon the death of the grantee, the deed vests the interest of the decedent in the beneficiary or beneficiaries.

(Emphasis added.) The provision further states that "[t]he deed described in this division shall in substance conform to" the form outlined in the statute, which includes a section for the signature of the grantor and the date of the deed's execution.

**{¶11}** Former R.C. 5302.22(A) cross-references former R.C. 5301.01(A)'s requirements that "[a] deed * * * shall be signed by the grantor * * * [and t]he signing shall be acknowledged

---

[1] S.B. 124, effective December 28, 2009, amended the Revised Code's provisions regarding TOD deeds. As a result, we rely on the provisions in force at the time of the 2006 Deed's recording.

by the grantor * * * before a * * * notary public, who shall certify the acknowledgment and subscribe the official's name to the certificate of the acknowledgment."[2] *See also Campbell v. Krupp*, 195 Ohio App.3d 573, 2011-Ohio-2694, ¶ 39 (6th Dist.) ("R.C. 5301.01(A) contains four requirements: (1) that the grantor sign the document, (2) that the grantor acknowledge the document to the notary public, (3) that the notary public certify the acknowledgment, and (4) that the notary public subscribe his name to the certificate of acknowledgment."). R.C. 147.53 governs acknowledgments, *Am. Gen. Fin. Servs., Inc. v. VanSickle*, 5th Dist. Delaware No. 03CAE02009, 2003-Ohio-4374, ¶ 33, and it requires as follows:

> The person taking an acknowledgment shall certify that:
>
> (A)     The person acknowledging appeared before him and acknowledged he executed the instrument; [and]
>
> (B)     The person acknowledging was known to the person taking the acknowledgment, or that the person taking the acknowledgment had satisfactory evidence that the person acknowledging was the person described in and who executed the instrument.

### C. Deeds Are Reviewed for Substantial Compliance

**{¶12}** Ohio courts have long applied substantial compliance review when determining whether a deed is defective as a result of its failure to adhere to statutory execution and acknowledgment formalities. *E.g. In re Lacy*, 483 B.R. 126, 133 (Bankr.S.D.Ohio 2012) (applying Ohio law) ("It is equally well established that the standard for determining compliance with the certification requirement is not perfection, but rather substantial compliance."), citing *Dodd v. Bartholomew*, 44 Ohio St. 171 (1886), paragraph one of the syllabus, and *Smith's Lessee v. Hunt*, 13 Ohio 260, 268 (1844). It is particularly critical to apply substantial compliance

---

[2] S.B. 134, effective January 17, 2008, amended the provisions of R.C. 5301.01 regarding execution formalities. As a result, we rely on the former provisions of the statute that were in effect at the time of the 2006 Deed's recording.

review when assessing TOD deeds because doing so effectuates former R.C. 5302.23(A)'s command that "[a]ny deed containing language that shows a clear intent to designate a transfer on death beneficiary shall be liberally construed to do so." Although liberal construction requires that we construe TOD deeds "in favor of persons to be benefitted, [such] a liberal construction should not result in the exercise of the legislative power of amendment under the mask of so-called interpretation." *Adamski v. Bur. of Unemp. Comp.*, 108 Ohio App. 198, 204 (6th Dist.1959); *see also State ex rel. Williams v. Colasurd*, 71 Ohio St.3d 642, 644 (1995) ("A liberal construction directive, however, does not empower us to read into a statute something that cannot reasonably be implied from the statute's language."), citing *Szekely v. Young*, 174 Ohio St. 213 (1963), paragraph two of the syllabus.

{¶13} Although there is no exact definition of the substantial compliance standard, the Sixth District has previously stated that "'[w]here an error occurs in the name of a party to a written instrument, apparent upon its face, and from its contents, susceptible of correction, so as to identify the party with certainty, such error does not affect the validity of the instrument.'" *Mid-Am. Natl. Bank & Trust co. v. Gymnastics Internatl., Inc.*, 6 Ohio App.3d 11, 13 (6th Dist.1982), quoting *Dodd* at paragraph one of the syllabus. Under this articulation of the substantial compliance standard, courts have previously determined that the following execution and acknowledgment defects have no effect on the validity of the subject deeds:

(1) an erroneous listing of the incorrect middle initial for the grantor, *Dodd* at paragraph two of the syllabus; and

(2) an erroneous statement in the acknowledgment that the corporate mortgagor itself appeared and signed the deed when in actuality the corporation's officers signed it, *Mid-Am. Natl. Bank & Trust* at 13.

Conversely, Ohio courts and federal bankruptcy courts applying Ohio law have consistently determined that blank acknowledgment clauses, which lack the grantor's name, are not in substantial compliance with the requisite execution formalities and consequently invalidate the relevant deed. *See In re Peed*, 403 B.R. 525, 536 (Bnkr.S.D.Ohio 2009) (applying Ohio law) (determining that blank acknowledgment clauses did not substantially comply with R.C. 5301.01); *Smith's Lessee* at syllabus ("A mortgage in which the magistrate's certificate does not show by whom the instrument was acknowledged, vests no legal interest in the mortgagee."); *Fifth Third Bank v. Farrell*, 5th Dist. Licking No. 09 CAE 11 0095, 2010-Ohio-4839, ¶ 57 ("We therefore find, pursuant to *Smith's Lessee*, the certificate of acknowledgment in the present case does not substantially comply with R.C. 5301.01 because it was left blank."). In line with this case law, the Sixth District has stated that "[a] close reading of the cases shows that certificates of acknowledgment substantially comply when they in some way identify the person making the acknowledgment." *Campbell* at ¶ 44; *see also Fifth Third Bank* at ¶ 54 ("The case law * * * 'requires identification of the mortgagor within the acknowledgment clause or sufficient information within the acknowledgment clause so that the person whose signature was acknowledged can be identified through a review of the remainder of the mortgage.'"), quoting *In re Burns*, 435 B.R. 503, 517 (Bnkr.S.D.Ohio 2010) (applying Ohio law). With these principles in mind, we turn to a substantial compliance review of the 2006 Deed.

### D.  The 2006 Deed Is Defective

{¶14}  The 2006 Deed lacks any indication of its date of execution either in the body of the deed itself or in the acknowledgment clause. Moreover, the acknowledgment clause is "blank" since it lists neither Ms. Fragola as the grantor nor the date of its acknowledgment. In light of such significant defects in the execution and acknowledgment of the 2006 Deed, we must

determine that this matter is within the ambit of *Smith's Lessee* and that the deed is not in substantial compliance with former R.C. 5301.01(A), former R.C. 5302.22(A), and R.C. 147.53. Our conclusion on this point is further bolstered when the significant defects in the 2006 Deed are compared to the relatively minor errors addressed in *Dodd* and *Mid-Am. Natl. Bank & Trust*.

{¶15} On appeal, Ms. Graham attempts to overcome these defects with the notary's subsequent affidavit that addressed the omissions in the 2006 Deed. Preliminarily, we note that the fact that Ms. Graham believed the notary's affidavit was necessary to complete the blank sections of the 2006 Deed further demonstrates that it was not substantially compliant with the statutory requirements. Moreover, we are unable to rely on the affidavit to overcome the significant defects implicated here. On this point, we find the Fifth District's reasoning in *Fifth Third Bank* to be persuasive. As in this matter, the acknowledgment clause there was left blank and the grantee attempted to overcome that defect by relying on the notary public's subsequent affidavit, which stated that the omissions were inadvertent. The court rejected the grantee's argument and reasoned as follows:

> While the doctrine of substantial compliance allows the court to consider the totality of the mortgage documents to determine if the acknowledgment was valid, including an affidavit from the notary public, the cases cited show that there was some information about the mortgagor, albeit incorrect, within the acknowledgment clause itself to allow the finding of "substantial compliance." In the present case, there is no such information relating to [the grantor] in the acknowledgment clause. It is blank. As such, we find that the affidavit of the notary public does not create a genuine issue of material fact so as to abrogate our finding that *Smith's Lessee* controls the disposition of this matter.

(Footnote omitted.) *Fifth Third Bank* at ¶ 56. *Compare Admr. of Veterans Affairs v. City Loan*, 3d Dist. Shelby No. 17-83-12, 1985 WL 9128, * 3 (May 7, 1985) (relying on evidence, including affidavits, to conclude that acknowledgment clause's reference to mortgagee instead of mortgagor was a clerical mistake). Based on these similarities between *Fifth Third Bank* and this

matter, we must reach the same conclusion and reject Ms. Graham's argument that the affidavit of the notary overcomes the defects in the 2006 Deed.

### E. The Validity of the 2006 Deed

{¶16} Our determination that the 2006 Deed is defective under the substantial compliance standard does not end our inquiry. Ms. Graham argues that even if the 2006 Deed is defective, it is still valid as between her and Ms. Fragola. In doing so, she relies on the Ohio Supreme Court's decision in *Citizens Natl. Bank in Zanesville v. Denison*, 165 Ohio St. 89 (1956). There, the Court declared as follows:

> The acknowledgment of a deed is required by statute chiefly for the purpose of affording proof of the due execution of the deed by the grantor, sufficient to authorize the register of deeds to record it. * * * A deed without acknowledgment, or defectively acknowledged, passes the title equally with one acknowledged as against the grantor and his heirs[.] * * * Acknowledgment has reference, therefore, to the proof of execution, and not to the force, effect, or validity of the instrument.

*Id*. at 94. The Court further stated that "[a] defectively executed conveyance of an interest in land is valid as between the parties thereto, in the absence of fraud." *Id*. at 95.

{¶17} We agree with Ms. Graham's contention that *Citizens Natl. Bank* controls the resolution of this matter. Although the facts in *Citizens Natl. Bank* related to a defectively-executed mortgage deed, this Court, like the Supreme Court of Ohio, has applied *Citizens Natl. Bank* in a variety of contexts outside of the area of mortgages, including cases involving the conveyance of land. *See Akron Pregnancy Servs. v. Mayer Invest. Co.*, 9th Dist. Summit No. 27141, 2014-Ohio-4779, ¶ 12. Nonetheless, our decision that *Citizens Natl. Bank* applies to the instant matter does not necessarily lead to the conclusion that Ms. Graham is the only party with an interest in the property. Assuming the defective 2006 Deed gave Ms. Graham an equitable interest in the property, legal title would not have passed to her. *See Church at Warren v.*

*Natale*, 11th Dist. Trumbull No. 96-T-5472, 1997 WL 286098, *2 (May 16, 1997), citing *Basil v. Vincello*, 50 Ohio St.3d 185 (1990) ("The [*Basil*] court concluded that although legal title did not pass, an equitable interest could pass."). As such, a question still remains as to what effect Ms. Graham's equitable interest would have on the 2002 Deed. From its judgment entry, the trial court appears to have presumed that the validity of the 2006 Deed *as between the parties* required the conclusion that the 2002 Deed was revoked and Mr. Fragola therefore had no interest whatsoever in the property. However, since the trial court did not take into consideration that an equitable interest is not equivalent to having legal title, *see Basil* at 189, we remand the matter to the trial court for it to consider in the first instance the effect that Ms. Graham's equitable interest had, if any, on the 2002 Deed and Mr. Fragola's interest.

{¶18} Accordingly, we sustain Mr. Fragola's assignments of error to the extent that the trial court erred by determining that he lacked any interest in the subject property without first considering the effect that Ms. Graham's equitable interest had on both his interest and the 2002 Deed.

III.

{¶19} Mr. Fragola's assignments of error are sustained to the extent discussed within the body of this opinion. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and this matter is remanded for further proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
JULIE A. SCHAFER
FOR THE COURT

CARR, P. J.
MOORE, J.
CONCUR.

APPEARANCES:

JAMES R. RUSSELL, JR., Attorney at Law, for Appellant.

KEITH R. HOFER, Attorney at Law, for Appellee.