In re Stephen R. ANDREWS, Deborah L. Andrews, Debtors.

William Todd Drown, Trustee, Plaintiff,

v.

EverHome Mortgage Company, Defendant.

Bankruptcy No. 07–51948.
Adversary No. 07–02185.

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

Feb. 20, 2008.

William Todd Drown, Mount Vernon, OH, for Plaintiff.

Nathan L. Swehla, Cincinnati, OH, for Defendant.

### MEMORANDUM OPINION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

C. KATHRYN PRESTON, Bankruptcy Judge.

This cause came on for consideration of the Plaintiff/Trustee's ("Trustee") Motion for Summary Judgment (Doc. 8), Defendant EverHome Mortgage Company's response (Doc. 11), and the Trustee's reply (Doc. 12) filed in the above captioned adversary proceeding. The Court having considered the record and the arguments of the parties, makes the following findings and conclusions.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and the standing General Order of Reference entered in this District. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (K). Venue is properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### I. Standard of Review for Motions for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Bankruptcy Rule 7056, provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party seek-

ing summary judgment bears the initial burden of "informing the ... court of the basis for its motion, and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the movant satisfies this burden, the nonmoving party must then "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

In the instant case, the parties agree that the material facts are not in dispute, and the only issues are those of law.

## II. Findings of Fact

The facts upon which this matter may be decided are without dispute and may be summarized as follows: Stephen R. Andrews and Deborah L. Andrews ("Debtors") filed a voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code on March 21, 2007. The Trustee is the duly appointed Chapter 7 trustee of the Debtors' bankruptcy estate. The Debtors own certain real property located at 410 Northview Road, MacArthur, Ohio 45651 (the "Property"), which constitutes property of their bankruptcy estate pursuant to 11 U.S.C. § 541. On or about May 7, 2003, the Debtors both executed an open-end mortgage ("Mortgage") granting to Washtenaw Mortgage Company a lien on the Property, which Mortgage was recorded with Vinton County, Ohio Recorder's Office on May 16, 2003 in Official Records Volume 100, Pages 77–93. Trustee and Defendant agree that a true and accurate copy of the Mortgage is attached to the Trustee's Complaint as Exhibit B. The Debtors both initialed each page of the Mortgage. The only page in the Mortgage that contains the complete signatures of the Debtors appears in pertinent part as follows:

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Executed this 7th day of May, 2003.

Witnesses:

| | |
|---|---|
| _____ | /s/ Stephen Andrews [1]         (Seal) |
| | STEPHEN ANDREWS—Borrower |
| Deborah Lynn Andrews [2] | _____ (Seal) |
| Deborah Lynn Andrews | /s/ Deborah L. Andrews      (Seal) |
| | Deborah L. Andrews [3]—Borrower |

Complaint, Exhibit B at page 15. The Mortgage contains on the next page the following certificate of acknowledgement executed by the notary public:

STATE OF OHIO, VINTON County ss:

The foregoing instrument was acknowledged before me this May 7th, 2003 by STEPHEN ANDREWS.

My Commission Expires:          /s/ Scott Braden _____
                              Notary Public

---

1. The "/s/" followed by a name is the Court's attempt to depict the actual signatures on the Mortgage document.

2. The name "Deborah Lynn Andrews" is printed by hand on two lines provided for witnesses' signatures.

3. The name "Deborah L. Andrews" is printed by hand under Mrs. Andrews' signature

Complaint, Ex. B at 16. Below the notary's signature is his notarial stamp with the seal and the expiration date of his Commission. Defendant is the current holder of the Mortgage.

The Trustee asserts that the certificate of acknowledgement is defective in that it omits the name of Debtor Deborah L. Andrews and fails to comply with Ohio Revised Code § 5301.01; he argues that, as a hypothetical bona fide purchaser under 11 U.S.C. § 544, the execution and perfection of the Mortgage is invalid as against the Trustee and he is entitled to avoid the Mortgage. Conversely, Defendant asserts that the Mortgage is valid under Ohio law because it substantially complies with the statute.

## III. Conclusions of Law

■ Pursuant to the Bankruptcy Code, "[t]he trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor ... that is voidable by a bona fide purchaser of real property ... from the debtor...." 11 U.S.C. § 544(a)(3).[4] Courts have uniformly interpreted § 544 to allow the Trustee to "enjoy[ ] the status of a hypothetical bona fide purchaser, without regard to any actual knowledge of the Trustee." *First Southern Bank v. Stanphill (In re Stanphill)*, 312 B.R. 691, 694 (Bankr.N.D.Ala.2004) (citations omitted).

■ The Ohio Revised Code provides, in pertinent part, as follows:

(A) A deed, mortgage, land contract ... or lease of any interest in real property ... shall be signed by the grantor, mortgagor, vendor or lessor.... The signing shall be acknowledged by the grantor, mortgagor, vendor, or lessor, ... before a judge or clerk of a court of record in this state, or a county auditor, county engineer, notary public, or mayor, who shall certify the acknowledgement and subscribe the official's name to the certificate of the acknowledgement.

Ohio Rev.Code Ann. § 5301.01(A) (West 2007). "The acknowledgment before a notary public, or any other public official mentioned in R.C. 5301.01, includes the *formal execution* of the certificate by the officer taking the acknowledgment." *Mid–American Nat'l Bank & Trust Co. v. Gymnastics Int'l, Inc.*, 6 Ohio App.3d 11, 451 N.E.2d 1243, 1245 (1982) (emphasis added). The execution of a mortgage must comply with these statutorily required formalities to be considered valid. *See Simon v. Chase Manhattan Bank (In re Zaptocky)*, 250 F.3d 1020, 1024 (6th Cir.2001). Under Ohio law, an improperly executed mortgage is not entitled to be recorded,[5] and thus "an improperly executed mortgage does not put a subsequent bona fide purchaser on constructive notice." *Id.* at 1028. As a result, a trustee in bankruptcy can avoid it, regardless of any actual knowledge he may have.

■ Notwithstanding, if the execution of a mortgage "substantially complies" with the statutory requisites of Ohio Revised Code § 5301.01(A), the mortgage may still be considered valid. *See Menninger v. First Franklin Fin. Corp. (In re Fryman)*, 314 B.R. 137, 138 (Bankr.S.D.Ohio 2004).

---

where she signed as Borrower.

**4.** This case was filed before the effective date of most amendments to the Bankruptcy Code

enacted by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

**5.** *See* Ohio Rev.Code § 5301.25(A).

■ The Ohio Revised Code requires the following in connection with acknowledgments:

The person taking an acknowledgment shall certify that:

(A) The person acknowledging appeared before him and acknowledged he executed the instrument;

(B) The person acknowledging was known to the person taking the acknowledgment, or that the person taking the acknowledgment had satisfactory evidence that the person acknowledging was the person described in and who executed the instrument.

Ohio Rev.Code Ann. § 147.53 (West 2002). The Ohio Revised Code further provides suggested language which is sufficient to qualify as an acknowledgment under Ohio law. *See* Ohio Rev.Code Ann. § 147.55 (West 2002). For example, the language suggested for an acknowledgment of an individual acting in his own right could simply state as follows: "The foregoing instrument was acknowledged before me this (date) by (name of person acknowledged)[.]" *Id.* This language, or something substantially similar, accompanied by the signature of the person taking the acknowledgment is sufficient to satisfy the statutory requirements of Ohio Revised Code § 5301.01.

In this case, however, the Mortgage at issue does not contain any of the acknowledgment language suggested by Ohio Revised Code § 147.55 or anything substantively similar regarding Mrs. Andrews. Instead, the Defendant asserts that the acknowledgment complies with Ohio law because Mrs. Andrews actually signed the Mortgage and initialed each page. A notary's signature and seal without additional language similar in content to, if not the same as, that contained in § 147.55 is insufficient to constitute an acknowledgment for the execution of a mortgage. *See Logan v. Universal 1 Credit Union, Inc. (In re Bozman)*, 2007 WL 4246279, 2007 U.S. Dist. LEXIS 90727 (S.D.Ohio Nov. 28, 2007) (rejecting creditor's argument that signing of the mortgage in the presence of the notary, but without his certification of acknowledgment, was in compliance with § 5301.01); *Field v. Wheeler (In re Wheeler)*, 2006 WL 1645214, 2006 U.S. Dist. LEXIS 38733 (S.D. Ohio June 12, 2006) (same). Therefore, the execution of the Mortgage in this case fails to comply with all of the statutory requirements because it does not contain an acknowledgment or a certification of acknowledgment for Mrs. Andrews, as required by § 5301.01.

■ Nor does the execution of the Mortgage "substantially comply" with the statutory requirements. When the validity of a mortgage is challenged for failure to comply with the statutory mandates of Ohio Revised Code § 5301.01, a court can "review the nature of the error and the balance of the document to determine whether or not the 'instrument supplies within itself the means of making the correction.'" *Fryman*, 314 B.R. at 138 (quoting *Dodd v. Bartholomew*, 44 Ohio St. 171, 5 N.E. 866, 867 (1886)). This principle enunciated by the *Dodd* court essentially allows a court to determine whether the execution of a mortgage is in "substantial compliance" with § 5301.01. *See Fryman*, 314 B.R. at 138. Under Ohio law, a mortgage that substantially complies with § 5301.01 will be considered valid. *See Mid-American Nat'l Bank & Trust*, 451 N.E.2d at 1245–46; *Wheeler*, 2006 WL 1645214, *2, 2006 U.S. Dist. LEXIS 38733 at *6. It is true that Mrs. Andrews signed the Mortgage in the Borrower(s)' signature block and initialed each page. However, the Mortgage contains no indicia that she acknowledged the instrument before the notary. Like the *Fields* case, the ac-

knowledgement specifies that only Mr. Andrews acknowledged the instrument and contains no provision or terminology to indicate that more than one signature was acknowledged before the notary. Additionally, the Borrower and Mortgagor are defined in the Mortgage document solely as Steven Andrews, with no provision or terminology to indicate that more than one person is a borrower or mortgagor. Complaint Ex. B. at 1. The document does not contain the typewritten or pre-printed name of Deborah Andrews anywhere. There is simply nothing in the document to suggest that Mrs. Andrews acknowledged her signature before the notary.

■ In support of its position, Defendant offers the affidavit of Scott Braden, the notary who signed the Mortgage, in which Mr. Braden confirms that he took the acknowledgment of Mrs. Andrews when she signed the Mortgage, and that she appeared before him to acknowledge signing the Mortgage. Brief of EverHome Mortgage Company in Opposition to the Trustee's Motion for Summary Judgment, Ex. 1. However, the doctrine of substantial compliance mandates that the corrective language or the means of making the correction be found within the Mortgage document itself. *See Dodd*, 5 N.E. at 867–68.[6] An affidavit attached to brief in opposition is not part of the Mortgage document and, in this case, was produced years after the execution of the Mortgage. Thus, the statements in the affidavit in this case cannot provide the means of making the correction in the defective Mortgage.

As discussed above, the Mortgage under consideration does not contain a certificate of acknowledgment, or any semblance of one, certifying that Mrs. Andrews acknowledged her signature before the notary. Moreover, nothing within the Mortgage at issue provides a means of making the correction because there simply is no language in the document to indicate that Mrs. Andrews appeared before a notary and acknowledged that she signed the Mortgage. It is not apparent from the Mortgage document that Mrs. Andrews ever acknowledged signing the instrument. Accordingly, the Mortgage is not in substantial compliance with Ohio Revised Code § 5301.01. The Mortgage, therefore, has not been properly executed.

■ The Mortgage not being properly executed, the Defendant (or the initial mortgagee) was not entitled to record it, and the Mortgage does not put a subsequent bona fide purchaser on constructive notice of its existence. The party challenging the validity of a mortgage must prove by clear and convincing evidence that the mortgage is not valid. *See Menninger v. Mortgage Elec. Registration Sys. (In re Bowling)*, 314 B.R. 127, 135 (Bankr. S.D.Ohio 2004). The Trustee has proven by clear and convincing evidence that the Mortgage in this case is not entitled to be

---

**6.** The Defendant suggests that this Court should allow the notary's affidavit to supplement the Mortgage for purposes of determining substantial compliance, citing *Administrator of Veterans Affairs v. The City Loan Company*, 1985 WL 9128 (Ohio Ct.App.1985). On issues of state law, this Court is bound by the rulings of the highest court of the state to determine them. Where there is no ruling, this Court is bound by what it believes the state courts would do. *J.C. Wyckoff & Assoc., Inc. v. Standard Fire Ins. Co.*, 936 F.2d 1474 (6th Cir.1991); *Roberds, Inc. v. Broyhill Furniture (In re Roberds, Inc.)*, 313 B.R. 732 (Bankr.S.D.Ohio 2004). The Supreme Court of Ohio has indicated that compliance must be found within the instrument. Although in *Veterans Affairs*, the Ohio Appellate Court mentioned the notary's affidavit presented in that case, it found that substantial compliance was found within the instrument under consideration. Therefore, Defendant's reliance thereon is misplaced. In the subject Mortgage, there is nothing on which to find substantial compliance within the document itself; therefore this Court cannot deviate from the approach of the Ohio courts, even if it were so inclined, which it is not.

recorded and does not put a subsequent bona fide purchaser on constructive notice because it fails to contain a certificate of acknowledgment of Ms. Andrews signature, and therefore, was not properly executed. Accordingly, the Trustee, as a subsequent bona fide purchaser pursuant to the authority granted to him under 11 U.S.C. § 544(a)(3), can avoid the Mortgage with respect to Deborah Andrews' interest in the subject property and preserve that avoided interest for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 551.

## IV. Conclusion

For the foregoing reasons, the Court further finds that the Trustee can avoid the Mortgage with respect to Deborah Andrews' one-half interest and preserve it for the benefit of the bankruptcy estate. Accordingly, the Court hereby GRANTS the Trustee's Motion for Summary Judgment in its entirety.

A separate final judgment will be entered in accordance with the foregoing.

**IT IS SO ORDERED.**