**In re Adisa S. AMADU, Debtor.**

**William Todd Drown, Trustee, Plaintiff,**

**v.**

**Kondaur Capital Corporation, et al., Defendants.**

**Bankruptcy No. 08–59997. Adversary No. 09–2002.**

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

Sept. 23, 2010.

William Todd Drown, Mount Vernon, OH, pro se.

Amelia A. Bower, Thomas J. Novack, Columbus, OH, for Defendants.

### MEMORANDUM OPINION AND ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

C. KATHRYN PRESTON, Bankruptcy Judge.

This matter is before the Court upon the Amended Motion for Summary Judgment (Doc. 11) ("Amended Motion") filed by William Todd Drown, Trustee (hereinafter "Plaintiff"), the response (Doc. 13) to the Amended Motion filed by CIT Group/Consumer Finance Inc. (hereinafter "CIT"), and Plaintiff's reply (Doc. 15) to CIT's response.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the standing General Order of

Reference entered in this District. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(K) and (O). Venue is properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## I. Standard of Review for Motions for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Bankruptcy Rule 7056, provides that summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The party seeking summary judgment bears the initial burden of "informing the ... court of the basis for its motion, and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

If the movant satisfies this burden, the nonmoving party must then "set out specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e)(2). The mere allegation of a factual dispute is not sufficient to defeat a motion for summary judgment; to prevail, the non-moving party must show that there exists some genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When deciding a motion for summary judgment, all justifiable inferences must be viewed in a light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505.

The Sixth Circuit has articulated the following standard to apply when evaluating a motion for summary judgment:

> [T]he moving [party] may discharge its burden by "pointing out to the ... court ... that there is an absence of evidence to support the nonmoving party's case." The nonmoving party cannot rest on its pleadings, but must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial. Although we must draw all inferences in favor of the nonmoving party, it must present significant and probative evidence in support of its complaint. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]."

*Hall v. Tollett,* 128 F.3d 418, 422 (6th Cir.1997) (internal citations omitted). A material fact is one whose resolution will affect the determination of the underlying action. *Tenn. Dep't of Mental Health & Mental Retardation v. Paul B.,* 88 F.3d 1466, 1472 (6th Cir.1996). An issue is genuine if a rational trier of fact could find in favor of either party on the issue. *Schaffer v. A.O. Smith Harvestore Prods., Inc.,* 74 F.3d 722, 727 (6th Cir.1996) (citation omitted). "The substantive law determines which facts are 'material' for summary judgment purposes." *Hanover Ins. Co. v. American Eng'g Co.,* 33 F.3d 727, 730 (6th Cir.1994) (citations omitted). However, determination of credibility, weight of the evidence, and legitimate inferences from the facts remain the province of the jury. *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505.

In determining whether each party has met its burden, the court must keep in mind that "[o]ne of the principal purposes

of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses...." *Celotex*, 477 U.S. at 323–24, 106 S.Ct. 2548. If otherwise appropriate, summary judgment may also be entered for a nonmoving party. *K.E. Resources, Ltd. v. BMO Fin. Inc. (In re Century Offshore Mgmt. Corp.)*, 119 F.3d 409, 412 (6th Cir.1997); *see also Celotex*, 477 U.S. at 326, 106 S.Ct. 2548 ("[D]istrict courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence.").

In the instant case, the parties agree that the material facts are not in dispute, and the only issues are those of law. Furthermore, by Agreed Order, the parties have consented to the Court proceeding to judgment based on the briefs already filed (Doc. 23).

## II. Findings of Fact

The facts upon which this matter may be decided are without dispute and may be summarized as follows: on October 15, 2008, Debtor Adisa S. Amadu ("Debtor") filed a Petition for Relief under Chapter 7 of the United States Bankruptcy Code, Case No. 08–59997 (hereinafter "Main Case"). The Plaintiff, William Todd Drown, is the duly appointed Trustee. In the Main Case, Debtor's Schedule A listed Debtor's interest in residential real property, which is the subject of this litigation, located at 133 Pinecrest Drive, Delaware, Ohio 43015 ("Real Property"). Debtor's Schedule D reflected that CIT holds a first mortgage lien upon the Real Property, under which is due $176,584.28 ("First Mortgage"), and holds a second mortgage lien upon the Real Property, upon which is due $44,091.98 ("Second Mortgage"). Debtor's Statement of Intention filed in the Main Case indicates that Debtor in-

tends to surrender the Real Property to CIT.

On June 25, 2008, prior to the filing of Debtor's bankruptcy petition, CIT filed a Complaint for foreclosure against Debtor in the Court of Common Pleas of Delaware County, Ohio (Doc. 13, Ex. A). Debtor was served with the Complaint on June 27, 2008. (Doc. 13, Ex. C). On September 9, 2008, the Court of Common Pleas of Delaware County, Ohio issued a Judgment Entry and Decree in Foreclosure against Debtor and in favor of CIT. (Doc. 13, Ex. D). The relevant portions to the Judgment Entry and Decree in Foreclosure from the state court are as follows:

The Court finds that all necessary parties have been served with summons according to law and are properly before this Court. [T]he defendants Adisa Amadu ... are in default of an Answer or other pleading and thereby confess the allegations of the Complaint to be true and said Defendants are forever barred from asserting any right, title or interest in and to the premises described herein ... It is further ORDERED, ADJUDGED, AND DECREED that ... the equity of redemption and dower of all Defendants, in and to said premises shall be foreclosed and that an order of sale may be issued to the Sheriff of Delaware County, directing him to ... sell said premises as upon execution and according to law free and clear of the interest of all parties to this action.

On January 4, 2009, Plaintiff filed his Complaint pursuant to 11 U.S.C. § 544 and 11 U.S.C. § 541, to request that Plaintiff, as Trustee, be authorized to sell the Real Property free of the encumbrances and to avoid CIT's First Mortgage and Second Mortgage (hereinafter, collectively referred to as "Mortgages") due to defective certificates of acknowledgement that are not in compliance with Ohio Revised

Code. In his Amended Motion, Plaintiff primarily argues that the acknowledgement clauses in the Mortgages failed to properly acknowledge that Debtor executed the instrument and that recordation of a defective mortgage was ineffective against subsequent bona fide purchasers of the Real Property. CIT's Brief in Opposition to the Amended Motion argues that *lis pendens* attached at the time the Debtor had been served with the foreclosure complaint. CIT asserts that Plaintiff was put on constructive notice of the Mortgages at the time of Debtor's bankruptcy petition and, further that the Mortgages were in substantial compliance with Ohio law inasmuch as the Mortgages did in fact identify the Mortgagor in the acknowledgement clause. Plaintiff argues in his Reply that *lis pendens* did not cure the allegedly defective Mortgages and that the acknowledgment clauses failed to identify the person acknowledging the mortgages as required by Ohio law.

Subsequently, CIT filed for bankruptcy protection under Chapter 11 of the United States Bankruptcy Code and this adversary proceeding was stayed. On March 23, 2009, the parties submitted and the Court entered an Agreed Order to substitute Kondaur Capital Corporation, as holder of the First Mortgage, and Bank of New York, as holder of the Second Mortgage, as party defendants in this matter in place of CIT (Doc. 23) (Kondaur Capital Corporation and Bank of New York Mellon are hereinafter collectively referred to as "Defendants").

The primary contention in this case is whether the acknowledgement clause contained in both the First Mortgage and Second Mortgage, which are virtually identical except for the loan number and principal balance, substantially comply with Ohio law. At the top of each Mortgage, the Debtor is identified as follows:

Name and Address of Mortgagor(s)

ADISA AMADU

3475   OAK BEND BLVD

CANAL WINCHESTER, OH 43110

Marital Status:  UNMARRIED [1]

Complaint, Ex. B at 1, Ex. C at 1. Furthermore, down the page the Debtor signed the Mortgages as mortgagor:

/s/Adisa Amadu[2] (seal)

ADISA AMADU

(Type name of Mortgagor)

Complaint, Ex. B at 1, Ex. C at 1. In the acknowledgement clause of the Mortgages, the notary public did not identify Debtor by name as the mortgagor, but rather as "Mortgagor":

### ACKNOWLEDGEMENT

State of Ohio

County of FRANKLIN

Before me, a notary public in and for the above County, personally appeared the above named MORTGAGOR who acknowledged that (he-she-they) [3] did sign the foregoing instrument, and that the same is (his-her-their) [4] free act and deed.

In testimony whereof, I have hereunto subscribed my name at

---

1. Words that are underlined and/or capitalized were typed in the mortgage document

2. /s/ indicates the signature of the signatory.

3. The appropriate pronoun was not circled, boldened, underlined, italicized, or otherwise designated by the notary.

4. The appropriate pronoun was not circled, boldened, underlined, italicized, or otherwise designated by the notary.

[Notary Public Seal][5]  6797 N HIGH ST, WORTHINGTON, OH 43085

on the 15th  day of May, 2006

/s/Eleanor N. Heis

(Notary Public)

Complaint, Ex. B at 1, Ex. C at 1. Plaintiff points out that the notary public failed to identify the Debtor by name and that the notary failed to circle the correct pronouns for Debtor, and thus the Mortgages fail to sufficiently identify the Debtor as mortgagor for purposes of Ohio law.

## III.  Conclusions of Law

■  Pursuant to the Bankruptcy Code, "[t]he trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor ... that is voidable by a bona fide purchaser of real property ... from the debtor...." 11 U.S.C. § 544(a)(3). Courts have uniformly interpreted 11 U.S.C. § 544 to allow the Trustee to "enjoy the status of a hypothetical bona fide purchaser, without regard to any actual knowledge of the Trustee." *First Southern Bank v. Stanphill (In re Stanphill)*, 312 B.R. 691, 694 (Bankr.N.D.Ala.2004) (citations omitted). However, if the mortgage substantially complies with Ohio law or *lis pendens* arose before the filing of Debtor's bankruptcy petition, then Plaintiff, as Trustee, cannot attain the status of a hypothetical bona fide purchaser because Plaintiff would have constructive notice of Defendants' interest in the Real Property. *Id.* In determining a trustee's rights under § 544(a)(3), it is well established that state law determines the extent of the trustee's rights in the property. *Simon v. Chase Manhattan Bank (In re Zaptocky)*, 232 B.R. 76, 79 (6th Cir. BAP 1999) *affirmed*, 250 F.3d 1020 (6th Cir.2001) *rehearing de-*

*nied*, 2001 U.S.App. LEXIS (6th Cir. Aug 9, 2001). Therefore, this Court must first determine whether the Mortgages complied with Ohio law. Second, this Court must also determine whether *lis pendens* operates as constructive notice, thus preventing a trustee from attaining the status of a bona fide purchaser under Ohio law.

### a.  The First Mortgage and Second Mortgage Substantially Comply with Ohio Law

■  Plaintiff contends that by virtue of the notary public omitting the Debtor's name in the acknowledgment, the Mortgages are defective under Ohio law. Whether the acknowledgment clause complies with Ohio law is a question of law. *Drown v. GreenPoint Mortgage Funding, Inc. (In re Leahy)*, 376 B.R. 826, 828 (Bankr.S.D.Ohio 2007). The requirements for a properly executed mortgage under Ohio law are set by statute:

A deed, mortgage, land contract ... or lease of any interest in real property ... shall be signed by the grantor, mortgagor, vendor, or lessor in the case of a deed, mortgage, land contract, or lease.... The signing shall be acknowledged by the grantor, mortgagor, vendor, or lessor ... before a ... notary public ... who shall certify the acknowledgement and subscribe the official's name to the certificate of the acknowledgement.

Ohio Rev.Code Ann. § 5301.01(A) (LexisNexis 2010). Therefore, a properly executed mortgage "(1) must be signed by the mortgagor; (2) the signing of the

---

5.  Court's recreation of the seal of the notary   public.

mortgage must be acknowledged before a notary public; (3) the notary public must certify that acknowledgment; and (4) the notary public must subscribe his name to the certificate of acknowledgement." *Leahy*, 376 B.R. at 832. Furthermore, Ohio law "clearly requires some identification of the person whose signature is being acknowledged." *Geygan v. World Sav. Bank, FSB (In re Nolan)*, 383 B.R. 391, 396 (6th Cir. BAP 2008); Ohio Rev.Code Ann. §§ 147.53, 147.54, 147.55. When a party challenges a mortgage document on the grounds of failure to conform to the statutory requirements of § 5301.01, then the court must review the whole document to determine whether the document substantially complies with the statutory requirements. *Logan v. Universal 1 Credit Union, Inc. (In re Bozman)*, 365 B.R. 824, 829 (Bankr.S.D.Ohio 2007). In order to determine whether a mortgage substantially complies with the Ohio Revised Code, this Court is permitted to "review the nature of the error and the balance of the document to determine whether or not the 'instrument supplies within itself the means of making the correction.'" *Menninger v. First Franklin Fin. Corp. (In re Fryman)*, 314 B.R. 137, 138 (Bankr. S.D.Ohio 2004) (quoting *Dodd v. Bartholomew*, 44 Ohio St. 171, 5 N.E. 866 (1886)). This principle enunciated by the *Dodd* court essentially allows a court to determine whether the execution of a mortgage is in "substantial compliance" with O.R.C. § 5301.01. *See Fryman*, 314 B.R. at 138. Therefore, in order to determine whether the Mortgages are effective as against Plaintiff at the time the Debtor filed her petition, the Court must determine whether the mortgage document itself supplies the means of correcting any deficiencies in the document.

The Ohio Revised Code provides "statutory short forms of acknowledgment," which "may be used and are sufficient for their respective purposes under any section of the Revised Code." Ohio Rev.Code Ann. § 147.55. The parties agree that the statutory short forms are merely acceptable forms and do not preclude the use of other forms. Plaintiff argues that the statutory short form establishes that the acknowledgement clause must contain the name of the mortgagor and points out that this Court has repeatedly avoided mortgages where the certificate of acknowledgement lacked the name of the person whose signature was being acknowledged. Plaintiff cites *Field v. ABN AMRO Mortgage Group, Inc. (In re Wolfzorn)*, 2004 Bankr.LEXIS 2440 (Bankr.S.D.Ohio 2004) and *Drown v. EverHome Mortg. Co. (In re Andrews)*, 404 B.R. 275 (Bankr.S.D.Ohio 2008), among others. In the *Wolfzorn* case, this Court avoided a mortgage in which a mortgagor's name was not inserted in the acknowledgment; the acknowledgement was completely blank as to the person standing before the notary public. *Wolfzorn*, 2004 Bankr.LEXIS 2440 at *2. In the case of *Andrews*, this Court again avoided a mortgage where the acknowledgement did not contain any sort of indication that the debtor acknowledged the instrument before a notary public. In fact, the mortgage was devoid of any type of acknowledgement language by the notary as required by Ohio Rev.Code § 5301.01. *Andrews*, 404 B.R. at 279. In fact, in each of the cases cited by Plaintiff, the name of the mortgagor or *any* identification of the mortgagor was completely missing from the acknowledgement and thus the omission was a "complete omission."

■ Conversely, in the instant case, the person acknowledging the execution of the Mortgage was identified by the term "Mortgagor" typed into the certificate of acknowledgment, and Debtor is twice identified as the "Mortgagor" within the mort-

gage document itself.[6] This is more akin to the Ohio Supreme Court case of *Dodd v. Bartholomew*, 44 Ohio St. 171, 5 N.E. 866 (1886). In that case, the mortgagors signed the mortgage, apparently in legible hand, but their names were inserted incorrectly in the acknowledgement. However, the acknowledgement also identified those appearing before the notary public as "the abovenamed grantors." Placing great emphasis on the use of that phrase by the notary, the Court held the mortgage valid. The Court observed:

> It is a well settled principle, applicable to the construction of deeds and other instruments, that all their parts are to be construed together, and the meaning ascertained from a consideration of each and every part; and, in the application of this rule, it is uniformly held that a false description, whether of the subject-matter or of the parties, does not vitiate the instrument where the error appears upon its face and the instrument supplies within itself the means of making the correction.

*Dodd*, 5 N.E. at 867. In the instant case, where the acknowledgement within each Mortgage clearly states that the mortgagor appeared before the notary, and the same documents clearly define who the mortgagor is, the instruments are not vitiated by the failure to insert the name of the signer in the certificates of acknowledgement.

Plaintiff also argues that failure of the notary public to circle the correct pronoun choice in the acknowledgement where it states "(he-she-they)" and "(his-her-their)," renders the Mortgages invalid and not in substantial compliance with Ohio law. This Court in *Leahy* found that the failure to circle a pronoun was one of four defi-

ciencies that could be found in the acknowledgement clause. *See Leahy*, 376 B.R. at 834. In the case at bar, the failure of the notary public to circle the appropriate pronoun alone does not result in a failure to substantially comply with Ohio law. The harm caused by the failure to circle the appropriate pronoun in this case is minimized because Debtor is the sole mortgagor. Furthermore, because Debtor is the sole mortgagor, the failure to circle the appropriate pronoun would not mislead a subsequent purchaser as to who is acknowledging the Mortgage.

Upon a review of the Mortgages in this case, this Court concludes that the Mortgages substantially comply with Ohio law. Plaintiff has failed to establish that as a matter of law the identification of Debtor as "Mortgagor" rather than by her legal name within the acknowledgement certificate fails to substantially comply with the statutory requirements. The Mortgage clearly identifies Debtor, Adisa Amadu, as the sole Mortgagor. Any subsequent purchaser reading the Mortgages would conclude that when the notary public acknowledged that "Mortgagor" signed the instrument, "Mortgagor" meant the Debtor. Therefore, the Mortgages provide "some identification" that Debtor's signature was acknowledged. *See Nolan*, 383 B.R. at 396.

### b. Plaintiff was on Constructive Notice of Defendants' Equitable Interest in Real Property by *Lis Pendens*

Defendants argue that by filing the foreclosure action prior to the filing of the Debtor's bankruptcy petition, Plaintiff cannot obtain the status of a hypothetical

---

**6.** Furthermore, the acknowledgement clause contains all the other language required by Ohio law.

bona fide purchaser due to *lis pendens*. Plaintiff contends that the Mortgages were not properly executed and that *lis pendens* cannot cure an improperly executed mortgage.

■■■ As discussed above, this Court is bound by state law when determining the extent of a trustee's rights under § 544(a)(3). *Zaptocky*, 232 B.R. at 79. The doctrine of *lis pendens* has been codified in Ohio as follows: "When a complaint is filed, the action is pending so as to charge a third person with notice of its pendency. While pending, no interest can be acquired by third persons in the subject of the action, as against the plaintiff's title." Ohio Rev.Code Ann. 2703.26 (Lexis-Nexis 2010). The Bankruptcy Appellate Panel for the Sixth Circuit ("BAP") has ruled on the operation of *lis pendens* stating: "lis pendens operates upon the filing of a judicial foreclosure suit in Ohio, if the subject property is specifically described, and it provides constructive notice to all of the mortgagee's interest, whatever that may be." *Treinish v. Norwest Bank Minnesota, N.A. (In re Periandri)*, 266 B.R. 651, 654 (6th Cir. BAP 2001). When a summons has been served, *lis pendens* charges third persons with notice of the pending litigation. *Id.* at 655–656. *Periandri* involved a Chapter 7 trustee who attempted to avoid a mortgage on the debtor's real property as defective under former Ohio Rev. Code § 5301.01 because there was only one witness[7]. The mortgagee responded that a foreclosure complaint was filed prior to the commencement of debtor's bankruptcy case and thus the trustee had constructive notice of the mortgage. The BAP concluded that by virtue of *lis pendens*, the trustee was on constructive notice of the mortgage hold-

er's interest. *Id.* at 656. Thus, the BAP held that the trustee could not take the interest in the property free of creditor's interest. *Id.* at 657. Therefore, bankruptcy trustees are included within the reach of the *lis pendens* doctrine and cannot attain bona fide purchaser status if *lis pendens* applies. If Plaintiff received constructive notice of a prior mortgage in which the Defendant had an interest, Plaintiff cannot obtain the status of a hypothetical bona fide purchaser. Plaintiff has not challenged the validity of the foreclosure complaint or whether the foreclosure complaint sufficiently described the Real Property.

Plaintiff also argues that the Mortgages are improperly executed and *lis pendens* does not cure a defective mortgage. However, as the Court noted above, the Mortgages substantially comply with Ohio law. Not only does the *lis pendens* operate as constructive notice to Plaintiff of Defendants' interest in the Real Property, but the Judgment Entry and Decree in Foreclosure entered by the state court is binding upon Plaintiff.

Plaintiff was provided with constructive notice of the foreclosure complaint on Debtor's Real Property when the summons was served upon Debtor on June 27, 2008. Plaintiff is imputed with constructive notice of the foreclosure complaint and cannot obtain the status of a hypothetical bona fide purchaser under 11 U.S.C. § 544(a)(3).

## IV. Conclusion

For the foregoing reasons, the Court finds that Plaintiff's Amended Motion for Summary Judgment is not well-taken and is DENIED. However, there are no is-

---

7. *In re Periandri* was decided under former Ohio Rev. Code § 5301.01 which was amended to delete the requirement for having two witnesses acknowledge the signing of the mortgage, effective in 2002.

sues of fact and Defendants are entitled to judgment as a matter of law. The Court will enter a separate final judgment consistent with the foregoing.

**IT IS SO ORDERED.**