**In re David A. BOOTHE, Rebecca Sue Boothe, Debtors.**

**Clyde Hardesty, Trustee, Plaintiff,**

v.

**Mortgage Electronic Registration Systems, Inc., et al., Defendants.**

**Bankruptcy No. 11–55574.**
**Adversary No. 11–2347.**

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Filed March 27, 2013.

Brent A. Stubbins, Mark Stubbins, Zanesville, OH, for Plaintiff.

Benjamin D. Carnahan, Dinn, Hochman & Potter, LLC, Cleveland, OH, for Defendants.

CIT Group Consumer Finance Inc., pro se.

## MEMORANDUM OPINION AND ORDER ON MOTIONS FOR SUMMARY JUDGMENT

C. KATHRYN PRESTON, Bankruptcy Judge.

This matter is before the Court upon the Motion for Summary Judgment (Doc. 29)

("Motion") filed by Clyde Hardesty, Trustee (hereinafter "Plaintiff"), the response (Doc. 34) to Plaintiff's Motion filed by Litton Loan Servicing LP and Mortgage Electronic Registration Systems, Inc. (hereinafter collectively referred to as "Defendant"), the Motion for Summary Judgment (Doc. 30) ("Defendant's Motion") filed by Defendant and the response (Doc. 33) to Defendant's Motion filed by Plaintiff. Plaintiff filed this adversary proceeding on August 5, 2011, naming Defendant and CIT Group Consumer Finance Inc.[1] ("CIT Group") as defendants.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and General Order No. 05–02 entered by the United States District Court for the Southern District of Ohio, referring all bankruptcy matters to this Court. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (F), (K) and (O). Venue is properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

This adversary proceeding stems from the Chapter 7 bankruptcy case of David Allen Boothe and Rebecca Sue Boothe (hereinafter "Debtors"). Plaintiff asserted five causes of action in his complaint (Doc. 1) (hereinafter "Complaint") including: 1) Declaratory judgment to determine the extent and validity of Defendant's lien; 2) Avoidance of Defendant's mortgage pursuant to 11 U.S.C. § 544 and Ohio Rev.Code §§ 5301.01, et seq.; 3) Avoidance of Defendant's mortgage as a preference under 11 U.S.C. § 547; 4) Preservation of Defendant's mortgage for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 551; and 5) Recovery of property pursuant to 11 U.S.C. § 550. Although the Motion does not specifically so state, it appears to be requesting judgment only as to Count Two of the Complaint.

Plaintiff seeks to avoid Defendant's mortgage on the grounds that the mortgage contains a defective certificate of acknowledgement which is not in substantial compliance with the requirements of Ohio law and that Defendant's mortgage is, therefore, not properly recorded. Primarily, Plaintiff argues that the certificate of acknowledgment clause (hereinafter "Certificate of Acknowledgment") in the mortgage failed to properly acknowledge who executed the instrument and that recordation of a defective mortgage is ineffective

---

1. CIT Group is named as a defendant in this matter but has not been served with summons or entered an appearance. Defendant's Motion to Dismiss (Doc. 4) asserts that CIT Group may have been a previous servicer of the mortgage loan whose service obligations have been transferred to Litton Loan Servicing LP. The Court directed Plaintiff and Defendant to file supplemental memoranda of law (Doc. 37) regarding the Court's authority to enter judgment in this matter inasmuch as the holder of the note has not been served with summons. Plaintiff filed a supplemental memorandum; Defendant failed to do so. The Court believes that Defendants are proper parties in interest in this matter and the Court may enter a judgment notwithstanding the failure to join the holder of the note. The Mortgage (as hereinafter defined) states that

MERS holds only legal title to the interests granted by Borrower in the Mortgage, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Premises....

Based on the above language, courts have consistently held that MERS has standing to foreclose as the nominee for the lender. See *In re Mtge. Electronic Reg. Sys., Inc. v. Mosley*, 2010 WL 2541245, *4 (Ohio Ct.App.2010). It logically follows that if MERS can act on behalf of the note holder, it is a proper party in interest to defend the note holder's interest. Similarly, as a loan servicer, Litton Loan Servicing LP is also a proper party in interest with respect to matters relating to the debt it services. See *Greer v. O'Dell*, 305 F.3d 1297, 1302 (11th Cir.2002) (Loan Servicer is a real party in interest and has standing to conduct the legal affairs for the debt it services.)

against a subsequent bona fide purchaser of real estate. Thus, Plaintiff, clothed with the status of a bona fide purchaser without notice of the lien, has the authority to avoid the mortgage.

Defendant counters that the mortgage is in substantial compliance with Ohio law. Defendant argues that the Certificate of Acknowledgment, taken together with the rest of the mortgage and the deposition testimony of Debtors, provides sufficient clarification to cure any ambiguities in the Certificate of Acknowledgment. Thus, according to Defendant, Plaintiff has constructive notice of the mortgage.

For the reasons stated below, the Court concludes that Plaintiff is entitled to summary judgment in the instant adversary proceeding.

## I. Standard of Review for Motions for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Bankruptcy Rule 7056, provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(a). The party seeking summary judgment bears the initial burden of "informing the ... court of the basis for its motion, and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

If the movant satisfies this burden, the nonmoving party must then assert that a fact is genuinely disputed and must support the assertion by citing to particular parts of the record. Fed.R.Civ.P. 56(c)(1). The mere allegation of a factual dispute is not sufficient to defeat a motion for sum-

mary judgment; to prevail, the non-moving party must show that there exists some genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When deciding a motion for summary judgment, all justifiable inferences must be viewed in a light most favorable to the non-moving party. *Matsushita Elec Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505.

The Sixth Circuit Court of Appeals has articulated the following standard to apply when evaluating a motion for summary judgment:

> [T]he moving [party] may discharge its burden by "pointing out to the ... court ... that there is an absence of evidence to support the nonmoving party's case." The nonmoving party cannot rest on its pleadings, but must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial. Although we must draw all inferences in favor of the nonmoving party, it must present significant and probative evidence in support of its complaint. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]."

*Hall v. Tollett,* 128 F.3d 418, 422 (6th Cir.1997) (internal citations omitted). A material fact is one whose resolution will affect the determination of the underlying action. *Tenn. Dep't of Mental Health & Mental Retardation v. Paul B.,* 88 F.3d 1466, 1472 (6th Cir.1996). An issue is genuine if a rational trier of fact could find in favor of either party on the issue. *Schaffer v. A.O. Smith Harvestore Prods.,*

*Inc.,* 74 F.3d 722, 727 (6th Cir.1996) (citation omitted). "The substantive law determines which facts are 'material' for summary judgment purposes." *Hanover Ins. Co. v. American Eng'g Co.,* 33 F.3d 727, 730 (6th Cir.1994) (citations omitted). However, determination of credibility, weight of the evidence, and legitimate inferences from the facts remain the province of the jury. *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505.

In the instant case, Plaintiff and Defendant agree that the material facts are not in dispute, and the only issues are those of law.

## II. Findings of Fact

The facts upon which this matter may be decided are without dispute: David Allen Boothe and Rebecca Sue Boothe ("Debtors") filed a voluntary petition under chapter 7 of the Bankruptcy Code on May 24, 2011 (the "Petition Date"). Plaintiff is the duly qualified and acting case Trustee in Debtors' bankruptcy case. Debtors jointly own a parcel of real property located at 6540 Lookout Drive, Nashport, Ohio 43830 (the "Real Property") by virtue of a deed recorded December 17, 1985. On or about December 29, 2003, to secure a promissory note in the amount of $102,400, Debtors granted a mortgage on the Real Property (the "Mortgage"). The Mortgage was recorded January 7, 2004. Debtors' Schedule D reflects that Defendant Mortgage Electronic Registration Systems, Inc. holds the Mortgage as nominee for the lender, and that the outstanding balance under the promissory note is $96,406.

The primary dispute in this case is whether the Certificate of Acknowledgment in the Mortgage substantially complies with Ohio law. At the top of the Mortgage, a text box reads as follows:

Name and Address of Mortgagor(s):

David A. Boothe

&[2]

Rebecca Sue Boothe, husband + wife
6540 Lookout Dr.
Nashport, OH 43830

Marital Status: Husband and Wife

Stipulations of Fact (Doc. 26) (hereinafter "Stipulations"), Ex. 2 at 1. Near the bottom of the first page, Debtors signed the Mortgage. The signature block appears as follows:

/s/ David A. Boothe[3] (seal)
DAVID A. BOOTHE
(Type name of Mortgagor)

/s/ Rebecca S. Boothe[4] (seal)
REBECCA SUE BOOTHE
(Type name of Mortgagor)

Stipulations, Ex. 2 at 1. In the Certificate of Acknowledgment, the notary public did not identify by name the person(s) signing the Mortgage, but rather utilized the singular term "MORTGAGOR":

ACKNOWLEDGEMENT

State of Ohio
County of MUSKINGUM

Before me, a notary public in and for the above County, personally appeared the above named MORTGAGOR who ac-

---

2. Words that are underlined were handwritten in the Mortgage.

3. /s/ indicates the signature of the signatory.

4. /s/ indicates the signature of the signatory.

knowledged that (he-she-they) did sign the foregoing instrument, and that the same is (his-her-their) free act and deed.

[Notary Public Seal] [5]

In testimony whereof, I have hereunto subscribed my name at

6797 N HIGH ST STE 223 WORTHINGTON, OH 43085 on the 29th day of December, 2003

/s/ Rebekah A. Church [6]

(Notary Public)

Stipulations, Ex. 2 at 1. The appropriate pronouns were not circled, boldened, underlined, italicized, or otherwise designated by the notary.

## III. Analysis

██ Pursuant to the Bankruptcy Code, "[t]he trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor . . . that is voidable by a bona fide purchaser of real property . . . from the debtor. . . ." 11 U.S.C. § 544(a)(3). Courts have uniformly interpreted 11 U.S.C. § 544 to allow the Trustee to "enjoy the status of a hypothetical bona fide purchaser, without regard to any actual knowledge of the Trustee." *First Southern Bank v. Stanphill (In re Stanphill)*, 312 B.R. 691, 694 (Bankr.N.D.Ala.2004) (citations omitted). However, if the Mortgage substantially complies with Ohio law and is properly recorded, then Plaintiff, as Trustee, cannot attain the status of a hypothetical bona fide purchaser because Plaintiff would have constructive notice of Defendant's interest in the Real Property. *Id.* In determining a trustee's rights under § 544(a)(3), it is well established that state law determines the extent of the trustee's rights in the property. *Simon v. Chase Manhattan Bank (In re Zaptocky)*, 232 B.R. 76, 79 (6th Cir. BAP 1999) *affirmed*, 250 F.3d 1020 (6th Cir.2001) *rehearing de-*

*nied*, 2001 U.S.App. LEXIS (6th Cir. Aug 9, 2001).

### A. The Mortgage is Improperly Executed.

### 1. Ohio Law Imposes Four Requirements for Proper Execution of a Mortgage.

██ Plaintiff contends that by virtue of using the singular term "MORTGAGOR" in the Certificate of Acknowledgment, the Mortgage is defective under Ohio law. Whether the Certificate of Acknowledgment complies with Ohio law is a question of law. *Drown v. GreenPoint Mortgage Funding, Inc. (In re Leahy)*, 376 B.R. 826, 828 (Bankr.S.D.Ohio 2007). The requirements for a properly executed mortgage under Ohio law are set by statute:

> A deed, mortgage, land contract . . . or lease of any interest in real property . . . shall be signed by the grantor, mortgagor, vendor, or lessor in the case of a deed, mortgage, land contract, or lease. . . . The signing shall be acknowledged by the grantor, mortgagor, vendor, or lessor . . . before a . . . notary public . . . who shall certify the acknowledgement and subscribe the official's name to the certificate of the acknowledgement.

Ohio Rev.Code § 5301.01(A). Therefore, a properly executed mortgage "(1) must be

---

**5.** Court's recreation of the seal of the notary public.

**6.** /s/ indicates the signature of the signatory.

signed by the mortgagor; (2) the signing of the mortgage must be acknowledged before a notary public; (3) the notary public must certify that acknowledgment; and (4) the notary public must subscribe his name to the certificate of acknowledgement." *Leahy,* 376 B.R. at 832. Furthermore, Ohio law "clearly require[s] some identification of the person whose signature is being acknowledged." *Geygan v. World Sav. Bank, FSB (In re Nolan),* 383 B.R. 391, 396 (6th Cir. BAP 2008); Ohio Rev.Code Ann. §§ 147.53, 147.54, 147.55. The execution of a mortgage must comply with these statutorily required formalities to be considered valid. *Zaptocky,* 250 F.3d at 1024. Under Ohio law, a mortgage that is improperly executed is not entitled to be recorded. *Porter Drywall Co., Inc. v. Haven, Inc. (In re Haven, Inc.),* 2005 WL 927666, at *7, 2005 Bankr.LEXIS 541, at *11 (6th Cir. BAP 2005); *see also* Ohio Rev.Code § 5301.25(A). If an invalid mortgage is recorded, the mortgage is treated as though it had not been recorded. *Mortgage Elec. Registration Sys. v. Odita,* 159 Ohio App.3d 1, 5, 822 N.E.2d 821 (2004). As a result, a bona fide purchaser, even one who has knowledge of the existence of the prior mortgage, can avoid it. *See* Ohio Rev.Code § 5301.25; *See also Zaptocky,* 250 F.3d at 1024.

When a party challenges a mortgage document on the grounds that it fails to meet the requirements of Ohio Rev. Code § 5301.01, the court must review the entire document to determine whether the document substantially complies with the statutory requirements. *Logan v. Universal 1 Credit Union, Inc. (In re Bozman),* 365 B.R. 824, 829 (Bankr.S.D.Ohio 2007). In order to determine whether a mortgage substantially complies with Ohio law, this Court should "review the nature of the error and the balance of the document to determine whether or not the 'instrument supplies within itself the means of making

the correction.'" *Menninger v. First Franklin Fin. Corp. (In re Fryman),* 314 B.R. 137, 138 (Bankr.S.D.Ohio 2004) (quoting *Dodd v. Bartholomew,* 44 Ohio St. 171, 5 N.E. 866 (1886)).

### 2. The Mortgage Does Not Substantially Comply With Ohio Law.

"An acknowledgement clause containing nothing relative to the mortgagor's identity is insufficient; ... an acknowledgment clause must identify the mortgagor by name *or contain information that permits the mortgagor to be identified* by reference to the mortgage." *Terlecky v. Countrywide Home Loans, Inc. (In re Baruch),* 2009 WL 9124374, at *7, 2009 Bankr.LEXIS 608, at *22 (Bankr.S.D.Ohio Feb. 23, 2009) (emphasis added). Moreover, "courts in this district consistently have held that a certificate of acknowledgment does not satisfy the substantial-compliance standard if it completely fails to identify the mortgagor." *Rhiel v. Huntington Nat'l Bank (In re Phalen),* 445 B.R. 830, 848 (Bankr.S.D.Ohio 2011). Such cases are generally referred to as "blank acknowledgment" cases. However, "[t]he execution of a mortgage may be in substantial compliance with Ohio law and thus not defective even where the mortgagor's name itself is not set forth in the certificate of acknowledgment so long as the certificate effectively identifies the mortgagor." *Id.* (citing *Drown v. Kondaur Capital Corp. (In re Amadu),* 443 B.R. 145 (Bankr.S.D.Ohio 2010)).

Here, the documents demonstrate that both Debtors signed the Mortgage and that Rebekah A. Church subscribed her name as notary public to the Certificate of Acknowledgment. Those facts satisfy the first and fourth requirements set forth in Ohio Rev.Code § 5301.01(A). The Court must determine whether the Mortgage, or more specifically the Certificate of Ac-

knowledgment, complies with the third requirement of Ohio Rev.Code § 5301.01(A). Plaintiff contends that the Certificate of Acknowledgment contains a fatal defect in that the notary public failed to effectively certify the acknowledgment of Debtors because the use of the term "Mortgagor" does not clearly identify which Debtor, if any, or whether both of the Debtors acknowledged their signature in the presence of the notary. Conversely, relying upon *Fryman*, Defendant insists that the Certificate of Acknowledgment substantially complies with Ohio law.

In *Fryman*, the debtors Phyllis and Ronald Fryman signed the mortgage at issue, but the certificate of acknowledgment only contained the name of Mrs. Fryman. However, the acknowledgment recited that " 'they' examined, read, and signed the instrument of 'their' free act and deed." *Fryman*, 314 B.R. at 138. In determining that the mortgage substantially complied with Ohio Rev.Code § 5301.01, the court found "especially compelling" the use of the plural pronouns they and their, which led the court to find that the notary certified the acknowledgment of both Mr. and Mrs. Fryman. *Fryman*, 314 B.R. at 139. The *Fryman* court also looked at other indicators in the mortgage such as the signatures of both debtors on the mortgage and their initials on every page of the mortgage. *Fryman*, 314 B.R. at 139.

This Court finds that *Fryman* is distinguishable from the instant case. As noted in the *Fryman* court's findings, the compelling reason that that court upheld the validity of the notary certification was due to the use of the plural pronouns which were handwritten by the notary in the certificate of acknowledgment. The Certificate of Acknowledgment in this case did not make use of any of the preprinted pronouns, nor were any handwritten into the Certificate of Acknowledgment. While the Mortgage in the instant case did contain some of the other indicators that the *Fryman* court observed, such as the signatures of both Debtors on the mortgage and their initials on page 2 of the Mortgage, such other indicators do not assist this Court in determining which Debtor, if any, or whether both Debtors' signatures were certified by the notary public. Thus, the Certificate of Acknowledgment failed to effectively identify whose signature was acknowledged.

Defendant also contends that the use of the term "MORTGAGOR" is less confusing than listing one but not both of Debtors in the Certificate of Acknowledgment. This Court disagrees. At the very least, when listing one name in a certificate of acknowledgment, it is certain that that person's signature is being certified. In the instant case, the Mortgage defines the term "Mortgagor(s)" as both Debtors. The Mortgage does not specify whether the term "Mortgagor" means one or both Debtors, but the parenthetical "(s)" implies that when there exists more than one mortgagor, the plural will be used when referring to both mortgagors. In fact, the Mortgage does utilize the term "Mortgagors" in the first line of the first paragraph of the Mortgage which further supports the proposition that any references to both mortgagors in the document would be through use of the plural term "Mortgagors". Because the Certificate of Acknowledgment uses the term "MORTGAGOR", the Court cannot determine which Debtor's acknowledgment was being certified, if any, or whether both Debtors' acknowledgments were being certified.

Defendant also cites *Amadu* for the proposition that the Certificate of Acknowledgment is in substantial compliance with Ohio law because the Mortgage supplies the means of correcting the deficien-

cies in the document. In *Amadu,* the certificate of acknowledgment referred to the debtor as "Mortgagor" instead of using the debtor's name. This Court found in *Amadu* that the debtor was defined and identified as the "Mortgagor" within the mortgage document itself and that

> ... where the acknowledgment within each Mortgage clearly states that the mortgagor appeared before the notary, and the same documents clearly define who the mortgagor is, the instruments are not vitiated by the failure to insert the name of the signer in the certificates of acknowledgment.

*Amadu,* 443 B.R. at 152. This Court further held in *Amadu* that the certificate of acknowledgment was properly executed because the debtor was the sole mortgagor and anyone reading the mortgage would conclude that the term "Mortgagor" referenced the debtor. *Amadu,* 443 B.R. at 152.

The instant case is distinguishable from *Amadu.* The decision in *Amadu* hinged on the definition of the term "Mortgagor". The debtor in *Amadu* was the sole mortgagor and the term "mortgagor" was defined in the mortgage as the debtor. Therefore, the use of the term "mortgagor" in the singular would not be ambiguous as there is only one mortgagor referenced in the mortgage. In the instant case, the Mortgage defined the term "Mortgagor(s)" as both Debtors implying that any references to multiple mortgagors would be indicated by the use of the plural term "Mortgagors". The term "MORTGAGOR" was inserted into the Certificate of Acknowledgment, which, based upon the definition supplied by the Mortgage, indicates that only one of Debtors' acknowledgments was certified. However, because there are two mortgagors, a reference to "MORTGAGOR" in the Certificate of Acknowledgment does not assist the Court in determining which Debtor's acknowledgment was certified. Thus, the Mortgage fails to supply the Court with a means of making a correction to the Certificate of Acknowledgment, and, therefore, the Mortgage is not in substantial compliance with Ohio law.

Defendant also argues that deposition testimony of Debtors supports the fact that both Debtors signed the Mortgage at the same time and that someone from the title company was present during the signing. Citing *Leahy,* Plaintiff posits that the physical presence of the Debtors before the notary would not be enough to cure the defects in the Certificate of Acknowledgment. Alternatively, Plaintiff asserts that Debtors' deposition testimony creates more ambiguities in the Mortgage, and at a minimum, Debtors' deposition testimony illustrates that a genuine issue of material fact exists regarding whether the Debtors' signatures were in fact acknowledged.

In *Leahy,* the certificate of acknowledgment was blank and did not reference the debtor in any fashion. The court concluded that "the fact that the Debtor appeared before the notary when she signed the Mortgage does not alter the Court's conclusion that the Mortgage does not substantially comply with Ohio [law]...." *Leahy,* 376 B.R. at 832. In the instant matter, it is unnecessary for the Court to take into consideration the Debtors' deposition testimony. Even if Defendant can prove by way of Debtors' testimony that Debtors acknowledged their signatures in the presence of a notary public, such evidence only satisfies the second prong of Ohio Rev.Code § 5301.01. In order for the Certificate of Acknowledgment to be in substantial compliance with Ohio law, the third prong of Ohio Rev.Code § 5301.01 must also be satisfied, specifically, the notary public must certify the acknowledgment. As discussed above, the notary in

this case failed to properly certify the acknowledgment and, therefore, the Certificate of Acknowledgment and the Mortgage are not in substantial compliance with Ohio law.

Upon a review of the Mortgage in this case, this Court concludes that the Mortgage does not substantially comply with Ohio law as it fails to comply with the statutory formalities of Ohio Rev.Code § 5301.01. The Mortgage therefore is not entitled to be recorded and shall be treated as though it had not been recorded. As a result, Plaintiff, with the status of a bona fide purchaser, does not have constructive notice of the Mortgage and, therefore, may avoid the Mortgage pursuant to 11 U.S.C. § 544.

The Court need not address the other issues presented in the Motions and Responses regarding Counts One and Three. In light of the foregoing, Counts One and Three of Plaintiff's Complaint are moot and the Court will not address the Defendant's arguments with respect to same.

### B. The Mortgage Lien Shall be Preserved for the Benefit of the Estate.

██ Plaintiff did not move for summary judgment on Count Four of his Complaint. In Count Four, Plaintiff seeks to preserve the Mortgage for the benefit of Debtors' estate pursuant to § 551, under which "[a]ny transfer avoided under section ... 544 ... is preserved for the benefit of the estate but only with respect to property of the estate." 11 U.S.C. § 551. While Plaintiff did not move for summary judgment on Count Four of his Complaint, preservation automatically follows avoidance of a transfer. *Castle Nursing Homes, Inc. v. Ransier (In re Sullivan)*, 359 B.R. 357 (table), 2007 WL 1018763 at *6 (6th Cir. BAP Apr. 4, 2007) ("Any transfer avoided under § 544 is *automati-*

*cally* 'preserved for the benefit of the estate." (quoting § 551) (emphasis added)); *Rhiel v. Cent. Mortg. Co. (In re Kebe)*, 469 B.R. 778, 794 (Bankr.S.D.Ohio 2012) (same); *Terlecky v. Chase Home Fin., LLC (In re Sauer)*, 417 B.R. 523, 541 (Bankr.S.D.Ohio 2009) (same). Because the Court has concluded that the Mortgage is avoidable, Plaintiff is entitled to preservation of the lien represented by the Mortgage, for the benefit of Debtors' estate. The Court, therefore, concludes that Plaintiff is entitled to summary judgment on Count Four.

### IV. Conclusion

For the foregoing reasons, the Court finds that Plaintiff's Motion for Summary Judgment (Doc. 29) is hereby GRANTED. Summary Judgment shall be granted to Plaintiff upon Counts Two and Four. The Court's ruling upon Counts Two and Four render Counts One and Three of the Complaint moot. Plaintiff did not request Summary Judgment upon Count Five of the Complaint and the Court shall set a status conference as to Count Five by separate notice. Defendant's Motion for Summary Judgment (Doc. 30) is not well-taken and is DENIED. The Court will enter a separate final judgment consistent with the foregoing.

**IT IS SO ORDERED.**