[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 3, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15768
Non-Argument Calendar

_____

D. C. Docket No. 06-00664-CV-FTM-29-SPC

CLINTON W. FINSTAD,

Plaintiff-Appellant,

versus

STATE OF FLORIDA, DEPARTMENT OF BUSINESS
AND PROFESSIONAL REGULATION,
Board of Surveyors & Mappers,
ERIC R. HURST,
Assistant General Counsel,
DENNIS E. BLAKENSHIP,
Professional Land Surveyor,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(October 3, 2008)**

Before CARNES, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Clinton W. Finstad appeals the dismissal of his pro se complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The district court concluded that Finstad's complaint is moot. We affirm.

We review de novo the dismissal of a complaint under Rule 12(b)(1). Asociacion de Empleados Del Area Canalera v. Panama Canal Comm'n, 329 F.3d 1235, 1237–38 (11th Cir. 2003). We also review de novo issues of mootness and subject matter jurisdiction. Dimaio v. Democratic Nat'l Comm., 520 F.3d 1299, 1301 (11th Cir. 2008); Crown Media, LLC v. Gwinnett County, Ga., 380 F.3d 1317, 1323 (11th Cir. 2004).

The jurisdiction of the federal courts is limited to actual cases and controversies. Crown Media, 380 F.3d at 1324. A complaint becomes moot when it no longer presents a "live" controversy or a ruling on the issues would have no practical significance. Id. "The standing doctrine, like the mootness doctrine, is an aspect of the 'case or controversy' requirement." Sims v. Fla. Dep't of Highway Safety, 862 F.2d 1449, 1464 (11th Cir. 1989) (en banc). To establish standing, a plaintiff must satisfy three requirements: an injury in fact, causation, and redressability. Tanner Adver. Group, L.L.C. v. Fayette County, Ga., 451 F.3d 777,

2

791 (11th Cir. 2006). A plaintiff can maintain a pre-enforcement challenge to a law if he alleges either that "(1) he was threatened with prosecution; (2) prosecution is likely; or (3) there is a credible threat of prosecution." Am. Civil Liberties Union v. The Fla. Bar, 999 F.2d 1486, 1492 (11th Cir. 1993).

Finstad's complaint is moot. Finstad, a surveyor, complains that his rights under the First Amendment were violated when the Board of Surveyors charged him with violating a state administrative rule that prohibited disclaimers on surveys, but the administrative complaint was later dismissed by a panel of the Board. See Burke v. Barnes, 479 U.S. 361, 363, 107 S. Ct. 734, 736 (1987) (the plaintiff must have a "live" controversy "at the time the federal court decides the case; it is not enough that there may have been a live case or controversy when the case" was filed). Although Finstad argues that the Board dismissed the complaint voluntarily to avoid suit, see Troiano v. Supervisor of Elections in Palm Beach County, Fla., 382 F.3d 1276, 1282–83 (11th Cir. 2004), the panel concluded that the administrative rule does not prohibit the conduct alleged in Finstad's complaint. The panel instead concluded that the current rule permits a surveyor to use "explanatory notes" on a survey. See Am. Civil Liberties Union, 999 F.2d at 1492.

Finstad's complaint also does not fall within the exception to the doctrine of

3

mootness for repetitious harms that evade review because nothing in the record suggests that Finstad is likely to face prosecution for violation of the same administrative rule. See Murphy v. Hunt, 455 U.S. 478, 482, 102 S. Ct. 1181, 1183 (1982). Although Eric Hurst, Assistant General Counsel of the State Department of Business and Professional Regulation, suggested that the Board would promulgate a rule to prohibit disclaimers, Hurst's statement is speculative. A complaint about the adoption of that potential rule is not ripe. Cf. Atlanta Gas Light Co. v. U.S. Dep't of Energy, 666 F.2d 1359, 1370 (11th Cir. 1982) (pre-enforcement challenge to constitutionality of Section 402 of Fuel Use Act was not ripe when states had not adopted laws to enforce the section).

Finstad's remaining arguments also fail. Finstad asserts that his corporation and other surveyors face prosecution for the use of disclaimers, but he lacks standing to pursue claims on behalf of an entity or another person. See Wolff v. Cash 4 Titles, 351 F.3d 1348, 1357 (11th Cir. 2003). Finstad complains, for the first time on appeal, that the state violated his rights under the Fourth, Fifth, and Fourteenth Amendments and the Board acted under an invalid grant of legislative authority, but these arguments are not properly before this Court. See Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004).

The dismissal of Finstad's complaint is **AFFIRMED.**