In re Ryan Lane **SCHMIDT, Debtor.**

**Clyde Hardesty, Plaintiff,**

**v.**

**U.S. Bank, N.A., et al., Defendants.**

**Bankruptcy No. 09–56074.
Adversary No. 09–2462.**

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division,
at Columbus.

March 9, 2011.

Michael A. Northrup, Zanesville, OH, for Debtor.

## *ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT*

C. KATHRYN PRESTON, Bankruptcy Judge.

This is yet another adversary proceeding in which a Chapter 7 trustee is seeking to avoid a mortgage granted by the debtor whose estate the trustee is administering based on a certificate of acknowledgment that fails to identify the debtor/mortgagor—commonly known as a "blank acknowledgment"—and to preserve the mortgage for the benefit of the debtor's estate.[1] The certificate of acknowledgment that Judge Hoffman found to be defective in his Memorandum Opinion on Trustee's Motion for Summary Judgment, entered on March 4, 2011 in *Rhiel v. Huntington Nat'l Bank (In re Phalen)*, Adversary Proceeding No. 09–2572 ("Opinion"), also was blank and was governed by the same applicable Ohio law. In response to the Plaintiff's Motion for Summary Judgment (Doc. 19) ("Motion for Summary Judgment"), defendant U.S. Bank, N.A. ("U.S. Bank")[2] has made certain of the same arguments made by the lender in *Phalen*.[3] First, U.S. Bank contends that the certificate of acknowledgment is sufficient because it includes the phrase "acknowledged before me" and because it

substantially complies with Ohio law. *See* Def. Brief at 10. Second, U.S. Bank argues that Ohio's version of the Uniform Recognition of Acknowledgments Act, Ohio Revised Code §§ 147.51 through 147.58 ("URAA"), obviates *Smith's Lessee v. Hunt*, 13 Ohio 260 (1844). *See* Def. Brief at 5. Third, U.S. Bank contends that the Ohio Supreme Court's decision in *Dodd v. Bartholomew*, 44 Ohio St. 171, 5 N.E. 866, 868 (1886), and certain decisions issued by Ohio's lower appellate courts[4] suggest that the Ohio Supreme Court would decide *Smith's Lessee* differently today. *See* Def. Brief at 10, 12. Judge Hoffman rejected each of those arguments in *Phalen* and, for the reasons set forth in the Opinion, this Court does as well.

U.S. Bank makes several arguments in its brief that were not asserted in *Phalen*, but each of those arguments is unavailing for U.S. Bank. Citing this Court's decision in *Roberts*,[5] U.S. Bank contends that using the phrase "acknowledged before me" effectively identifies the person acknowledging his or her signature because it "meets the 'irresistible inference' test" of *Brown v. Farran*, 3 Ohio 140 (Ohio 1827). Def. Brief at 4. In *Roberts*, the certificate of acknowledgment identified both mortgagors by name and described them as "the individuals who ... executed the foregoing instrument," *see Roberts*, 402 B.R. at 810, a fact explicitly noted by the Sixth Circuit

---

1. The Complaint states that debtor Ryan Lane Schmidt ("Debtor") granted three mortgages on his real property. The Trustee seeks to avoid only the first mortgage.

2. In the Complaint, Plaintiff Chapter 7 trustee Clyde Hardesty ("Trustee") also named The Huntington National Bank as a defendant, but the Complaint does not appear to state a claim against Huntington on which relief can be granted. By separate notice, the Court will set a status conference in this adversary proceeding as to Huntington.

3. *See* Amended Brief of U.S. Bank, NA in Opposition to the Trustee's Motion for Summary Judgment (Doc. 22) ("Def. Brief").

4. *See Mid–Am. Nat'l Bank & Trust Co. v. Gymnastics Int'l, Inc.*, 6 Ohio App.3d 11, 451 N.E.2d 1243 (1982) and *Adm'r of Veterans Affairs v. City Loan Co.*, No. 17–83–12, 1985 WL 9128, at *3 (Ohio Ct.App. May 7, 1985).

5. *See Hardesty v. Citifinancial, Inc. (In re Roberts)*, 402 B.R. 808, 813 (Bankr.S.D.Ohio 2009), *aff'd*, 419 B.R. 20 (6th Cir. BAP 2009), *aff'd*, No. 09–4448, 2011 WL 693235 (6th Cir. Mar.1, 2011).

in affirming the decision. *See Roberts,* 2011 WL 693235, at \*3 ("The judge further observed that the notary in this case had certified not only execution by the named individuals but had also referred to them by name as 'the individuals who ... executed the foregoing instrument....' We conclude that this double reference is an indication of satisfactory knowledge of identity that is equally as strong as that provided by the statutory short form, which recites simply that '[t]he foregoing instrument was acknowledged before me this (date) by (name of person acknowledged).' "). By contrast, in the instant adversary proceeding, the name of the mortgagor is omitted from the certificate of acknowledgment and, as a result, no irresistible inference arises that the notary public properly certified the acknowledgment.

U.S. Bank also relies on the principle that "public officers are presumed to have acted properly." Def. Brief at 5. Indeed, "[a] notary public is a public officer, and [t]he rule is generally accepted that, in the absence of evidence to the contrary, public officers ... will be presumed to have properly performed their duties and not to have acted illegally but regularly and in a lawful manner." *Roberts,* 402 B.R. at 815 (footnote and internal quotation marks omitted). The rules does not apply here, however, because a failure to identify the person acknowledging his or her signature in a certificate of acknowledgment is by itself evidence that the notary public failed to properly perform the duties of the office. *Cf. Gregory v. Ocwen Fed. Bank (In re Biggs),* 377 F.3d 515, 520 (6th Cir.2004) ("[E]ven though [t]he acts of a notary public are ... presumed to be performed cor-

rectly ... [t]he presumption applies ... when notaries perform the core functions of their job, not when they fail to perform them." (citations and internal quotation marks omitted)).

U.S. Bank notes that Ohio Revised Code § 147.541, which is the Ohio statutory provision that defines the phrase "acknowledged before me," was enacted in 1975 and became effective on June 13, 1975, while Ohio Revised Code § 147.53 [6] was enacted in 1973 and became effective on January 1, 1974. *See* Def. Brief at 8, 10–11. U.S. Bank contends that the fact that § 147.541 was enacted after § 147.53 means that the later statutory provision "refines" the first and makes clear that the phrase "acknowledged before me" alone is sufficient. Def. Brief at 8. The Court disagrees. U.S. Bank provides no tenable basis for why the dates of enactment change the analysis set forth in *Phalen,* and the Court sees none.

U.S. Bank also cites Ohio cases holding that the omission or misidentification of the date or venue and the omission of the notarial seal do not make a certificate of acknowledgment defective. *See* Def. Brief at 10. Those cases, however, are entirely irrelevant to the question of the validity of a certificate of acknowledgment lacking the identity of the person doing the acknowledging. As explained in *Phalen* and the numerous cases discussed therein, the identity of the person who is acknowledging his or her signature is a material element of a certificate of acknowledgment.

In sum, each of the arguments asserted by U.S. Bank is without merit. According-

---

**6.** This section requires that "[t]he person taking an acknowledgment shall certify" two things: (1) that "[t]he person acknowledging appeared before him and acknowledged he executed the instrument" and (2) that "[t]he person acknowledging was known to the per-

son taking the acknowledgment, or that the person taking the acknowledgment had satisfactory evidence that the person acknowledging was the person described in and who executed the instrument." Ohio Rev.Code Ann. § 147.53.

ly, the Motion for Summary Judgment is **GRANTED** in favor of the Trustee on: (1) Count II of the Complaint seeking to avoid, pursuant to 11 U.S.C. § 544(a)(3), the mortgage that the Debtor granted U.S. Bank; and (2) Count IV of the Complaint seeking to preserve the lien represented by that mortgage for the benefit of the Debtor's estate under § 551.

A ruling on the remaining counts of the Complaint, however, would have no practical significance and therefore those counts—Counts I, III and V—are moot. *See Finstad v. Florida, Dep't of Bus. & Prof'l Regulation,* 295 Fed.Appx. 352, 353 (11th Cir.2008) ("A complaint becomes moot when it no longer presents a 'live' controversy or a ruling on the issues would have no practical significance."). In Count I and Count V, the Trustee seeks to sell the property that is the subject of the first mortgage free and clear of U.S. Bank's interests. The Trustee, though, already has obtained this relief by an order that the Court entered on October 4, 2010. *See* Order Authorizing Sale of Property Free of Liens, Claim, and Encumbrances (Doc. 52 in Case No. 09–56074). In Count III, the Trustee, asserting the rights of a judicial lien creditor, seeks avoidance of the first mortgage under § 544(a)(1). Given this Court's ruling that the mortgage can be avoided under § 544(a)(3), the request for relief under § 544(a)(1) is no longer of practical significance and therefore also is moot. *See Lindquist v. Wells Fargo Home Mortg., Inc. (In re Westlund),* No. 07–4104 (Bankr.D.Minn. Feb. 1, 2008) (dismissing as moot the Chapter 7 trustee's claim to avoid a mortgage under § 544(a) after the court granted summary judgment in favor of the trustee on his claim to avoid the mortgage under § 547(b)), *aff'd,* No. 08–0461 (D.Minn. Jan. 19, 2010), *aff'd,* 592 F.3d 838 (8th Cir.2010). Count I, Count III and Count V, therefore, will be **DISMISSED** on the basis of mootness. The

Court will enter a separate judgment entry in accordance with this Order.

**IT IS SO ORDERED.**