In re Linda–Joy N. DAMRON, Debtor.

Ohio Bureau of Workers'
Compensation,
Plaintiff,

v.

Linda–Joy N. Damron, Defendant.

Bankruptcy No. 10–60203.
Adversary No. 10–2573.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division,
at Columbus.

Sept. 23, 2011.

Natalie J. Tackett, Columbus, OH, for Plaintiff.

Erin E. Schrader, Rauser & Associates, Columbus, OH, Ted P. McClatchey, Hilliard, OH, for Defendant.

### MEMORANDUM OPINION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

JOHN E. HOFFMAN, JR., Bankruptcy Judge.

### I. Introduction

This adversary proceeding is before the Court on: (i) the motion for summary judgment ("Motion") (Doc. 10) filed by the Ohio Bureau of Workers' Compensation ("OBWC"); and (ii) the response to the Motion (Doc. 13) filed by defendant Linda–Joy Damron, who also is the debtor in the underlying Chapter 7 bankruptcy case ("Debtor"). The OBWC seeks a judgment that its claim against the Debtor on account of an overpayment of temporary total disability benefits ("Benefits") and accrued interest is nondischargeable under § 523(a)(2)(A) ("Count I") and § 523(a)(6) of the Bankruptcy Code ("Count II"). For the reasons explained below, the Court GRANTS the Motion as it relates to Count I and DISMISSES Count II as moot.

### II. Jurisdiction

The Court has jurisdiction to hear and determine this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the general order of reference entered in this district. This is a core proceeding. *See* 28 U.S.C. § 157(b)(2)(I).

### III. Undisputed Facts

The OBWC attached to its complaint (Doc. 1) a copy of an order ("Order") issued by a district hearing officer ("District Hearing Officer") for the Industrial Commission of Ohio ("Industrial Commission"). The Order was issued on February 25, 2009, before the Debtor commenced her bankruptcy case.

The Order granted the OBWC's motion requesting a finding of fraud on the part of the Debtor and a declaration that the OBWC therefore had made an overpayment of the Benefits to her. The District Hearing Officer found in pertinent part as follows:

The [OBWC's] request to make a finding of Fraud ... is also granted. The District Hearing Officer finds that the (6) elements necessary for such a finding have been demonstrated by [the OBWC]. *[1] The District Hearing Officer first finds that [the Debtor] concealed the fact that she was employed for a period of time, when she had a duty to disclose this fact to [the OBWC],* her physician of record and various physicians examining [the Debtor] in this claim. The District Hearing Officer finds that at no time did the [Debtor] disclose this information and continued to sign multiple [forms], in spite of the fact that these forms clearly indicate the duty to disclose and [set forth] the prohibition of employment of any kind while being paid compensation.

*[2] The District Hearing Officer further finds that the above failure to dis-*

*close is material to the transaction at hand,* as the [Debtor] received temporary total disability to which she was not entitled. *[3] The District Hearing Officer further finds that the concealment of this improper conduct by the [Debtor] was made with utter disregard as to whether it is true or false, such that knowledge by the [Debtor] may be inferred.* Specifically, the [Debtor's] concealment of the improper conduct caused [the OBWC] to issue inappropriate payments to her. The District Hearing Officer finds that the [Debtor] was informed by [the OBWC] of the fact that she was unable to both work and collect compensation in this claim, by way of [certain forms], [OBWC] check warrants and ... cover letters. In spite of this, the [Debtor] still failed to notify [the OBWC] of her employment, *[4] with the intent of misleading [the OBWC] to rely on her misrepresentations* and thus, to *[5] justifiably rely on her lack of reporting and to pay her temporary total disability in the present claim.*

*Finally, the District Hearing Officer finds that [6] [the OBWC] and the State Fund suffered an injury which was proximately caused by the reliance [on] the [Debtor's] misrepresentations.* [The OBWC] paid the [Debtor] benefits to which she was not entitled, therefore damaging the fund and the system, as a whole.

Order at 1–2 (emphasis added).

According to the Order, after not less than 14 days' written notice was provided, a hearing was held at which the Debtor was present and provided testimony. *See id.* at 1, 2. The Order informed the Debtor of her right to appeal the Order. *See id.* at 2.

The Order also stated as follows: "The District Hearing Officer notes that while the [Debtor] indicated at these proceedings that she was unfamiliar with the hearing process and protocol, the District Hearing Officer is not persuaded by this assertion, as the [Debtor] has appeared at multiple proceedings in this [case], both with and without counsel." *Id.* at 2.

The OBWC attached to its complaint a copy of a letter it sent the Debtor on May 1, 2009 stating that the total overpayment then due was $44,315.17.

## IV. Arguments of the Parties

The OBWC contends that the Industrial Commission found that the six elements of fraud under Ohio law had been established and that its findings must be given issue-preclusive effect even though they were not made by a court. The Debtor asserts three reasons why the Order should not be binding in this adversary proceeding: the findings set forth in the Order do not establish that the debt was for money obtained by actual fraud; the findings were made by an administrative agency rather than by a court; and the Debtor allegedly had problems communicating with her attorneys during her workers' compensation proceeding and was unfamiliar with the process and procedures applicable to her case.

## V. Legal Analysis

### A. Summary Judgment Standard

Under Federal Rule of Civil Procedure 56 ("Civil Rule 56"), made applicable in this adversary proceeding by Federal Rule of Bankruptcy Procedure 7056, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).[1] "On a mo-

---

**1.** Pursuant to an amendment to Civil Rule 56 that became effective on December 1, 2010

(after this adversary proceeding was commenced), the summary judgment standard

tion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts." *Ricci v. DeStefano,* — U.S. —, 129 S.Ct. 2658, 2677, 174 L.Ed.2d 490 (2009) (internal quotation marks omitted). A dispute is genuine only if it is "based on evidence upon which a reasonable [finder of fact] could return a [judgment] in favor of the non-moving party." *Gallagher v. C.H. Robinson Worldwide, Inc.,* 567 F.3d 263, 270 (6th Cir. 2009). And a "factual dispute concerns a 'material' fact only if its resolution might affect the outcome of the suit under the governing substantive law." *Id.*

## B. The OBWC's § 523(a)(2) Claim

 In Count I, the OBWC seeks a judgment that the Debtor's debt for the Benefits and accrued interest is excepted from discharge by § 523(a)(2).[2] Section 523(a)(2)(A) of the Bankruptcy Code provides, in pertinent part, as follows:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

. . . .

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]

11 U.S.C. § 523(a)(2)(A). *See also Rembert,* 141 F.3d at 280–81 ("In order to except a debt from discharge under § 523(a)(2)(A), a creditor must prove the following elements: (1) the debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) [the creditor's] reliance was the proximate cause of loss." (footnote omitted)). The intentional failure to disclose a material fact satisfies the first prong of the *Rembert* test. *See Taylor v. Allen (In re Allen),* No. 10–5004, 2011 WL 1048241, at *5 (Bankr.E.D.Tenn. Mar. 18, 2011) ("[A] debtor's silence and intentional non-disclosure of a material fact may constitute a misrepresentation actionable under § 523(a)(2)(A)."); *Digital Commerce, Ltd. v. Sullivan (In re Sullivan),* 305 B.R. 809, 823 (Bankr.W.D.Mich. 2004) ("Openly false assertions are not a strict requirement ... as it is well-estab-

now appears in Civil Rule 56(a) rather than, as it formerly did, Civil Rule 56(c). *See* Fed. R.Civ.P. 56 Advisory Committee Notes (2010 Amendments) ("Subdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c)...."). The Court is citing the amended rule given that application of "the amended version of [Civil] Rule 56 in this case is just and practicable and would not work a manifest injustice, because the amendments do not change the summary judgment standard or burdens." *Farmers Ins. Exch. v. RNK, Inc.,* 632 F.3d 777, 782 n. 4 (1st Cir.2011); *see also Martinez v. Hutton (In re Harwell),* 628 F.3d 1312, 1316–17 n. 4 (11th Cir.2010) ("Amendments to the Federal Rules of Civil Procedure govern proceedings after the date they are effec-

tive in an action then pending unless the Supreme Court specifies otherwise or the court determines that applying them in a particular action would be infeasible or work an injustice. Fed.R.Civ.P. 86(a). We apply the language of Rule 56 as amended.").

2. In order to promote the fresh start policy of the Bankruptcy Code, "exceptions to discharge are to be strictly construed against the creditor." *Rembert v. AT & T Universal Card Servs., Inc. (In re Rembert),* 141 F.3d 277, 281 (6th Cir.1998). "The objecting creditor bears the burden of proof to establish that the debt is of a type excepted from discharge...." *Hart v. Molino (In re Molino),* 225 B.R. 904, 907 (6th Cir. BAP 1998).

lished that material omissions can ... form the basis of misrepresentation under § 523(a)(2)(A)." (internal quotation marks omitted)).

Bankruptcy courts have exclusive jurisdiction to determine the dischargeability of certain types of debts, including those described in § 523(a)(2) and (6) of the Bankruptcy Code. *See* 11 U.S.C. § 523(c); *Dollar Corp. v. Zebedee (In re Dollar Corp.)*, 25 F.3d 1320, 1325 (6th Cir. 1994) ("Congress intended to take the determinations governed by 11 U.S.C. § 523(c) away from state courts and grant exclusive jurisdiction in the bankruptcy courts." (internal quotation marks omitted)). The issue of the dischargeability of the Debtor's debt to the OBWC arising from the overpayment of the Benefits thus was not—and could not have been—adjudicated by a state court. The elements of common law fraud in Ohio, however, are substantially equivalent to those required to establish a nondischargeable debt based on false representation under § 523(a)(2)(A). *See Ed Schory & Sons, Inc. v. Francis (In re Francis)*, 226 B.R. 385, 389 (6th Cir. BAP 1998) (concluding that the elements of a § 523(a)(2)(A) claim and a claim for common law fraud are "virtually identical"); *Schafer v. Rapp (In re Rapp)*, 375 B.R. 421, 430 (Bankr. S.D.Ohio 2007) (same). A determination that a debtor committed common law fraud would thus necessarily satisfy the elements set forth in *Rembert*.

The six elements of a claim for common law fraud in Ohio are: (1) "a representation or, where there is a duty to disclose, concealment of a fact"; (2) materiality of the fact to the transaction; (3) making the representation or undertaking the concealment of the fact "falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred"; (4) making the representation or undertaking the concealment "with the intent of misleading another into relying upon it"; (5) "justifiable reliance upon the representation or concealment"; and (6) "a resulting injury proximately caused by the reliance." *Burr v. Board of County Comm'rs*, 23 Ohio St.3d 69, 491 N.E.2d 1101, 1102 (syllabus ¶ 2) (Ohio 1986). As the italicized portion of the excerpt from the Order quoted above in Section III demonstrates, the District Hearing Officer made a finding that each of these six elements was met. The Court, therefore, rejects the Debtor's contention that the Order does not establish that the debt owed to the OBWC was for money obtained by actual fraud. And, as discussed, this necessarily establishes that the debt to the OBWC arising from the overpayment of the Benefits is nondischargeable.

The Debtor's other arguments are equally unavailing. In another Chapter 7 case decided on facts remarkably similar to those present here, the Court rejected the same argument that the Debtor is making in this case—that the findings of the Industrial Commission cannot be given preclusive effect because it is an administrative agency rather than a court. *See State of Ohio, Bureau of Workers' Comp. v. Foster (In re Foster)*, 280 B.R. 193, 200 (Bankr.S.D.Ohio 2002). In *Foster*, the Court held that the findings of an Ohio administrative body such as the Industrial Commission must be given the same preclusive effect that the findings would be given by the courts of Ohio and that Ohio courts would give such findings issue-preclusive effect where:

> (1) the administrative body acted in a judicial capacity;
>
> (2) there is an identity of parties and issues;
>
> (3) the administrative body resolved factual disputes that were clearly relevant to the issues properly before it; and

(4) the parties have had a full and fair opportunity to litigate and seek review of any adverse findings.

*Foster*, 280 B.R. at 203.

The Order's findings must be given issue-preclusive effect under this four-part test. As it did in *Foster*, the Court finds that the Industrial Commission provided the Debtor adequate notice and gave her an opportunity to attend a hearing and introduce evidence and that the Industrial Commission therefore acted in a judicial capacity when it issued the Order. The Court also finds that the parties to the proceeding before the Industrial Commission and this adversary proceeding (the OBWC and the Debtor) are the same; that the question of whether the Debtor obtained the Benefits through fraud was relevant to the issue of whether the OBWC had made an overpayment to the Debtor; and that the Debtor was provided a full and fair opportunity to both litigate the issue of fraud and appeal the Order.

The Debtor does not contend that *Foster* was wrongly decided; in fact, she fails to even acknowledge that the Court issued that decision. While ignoring *Foster*, she argues that the Order should not be binding because, although she appeared at the hearing before the Industrial Commission, she had problems communicating with her attorneys during her workers' compensation proceeding and was unfamiliar with the process and procedures applicable to her case. As previously mentioned, the Debtor made this same argument in the hearing before the Industrial Commission, and it was rejected by the District Hearing Officer. This Court does as well. The Debtor had an adequate opportunity to litigate the issue of fraud in the Industrial Commission proceeding. For all of the reasons set forth above, the findings of the Industrial Commission are binding, and the doctrine of issue preclusion bars the Debtor from relitigating the issue of fraud in this adversary proceeding. The Debtor's debt for the Benefits, as well as accrued interest,[3] is excepted from discharge under § 523(a)(2).[4]

## C. The OBWC's § 523(a)(6) Claim

In Count II, the OBWC seeks a judgment that the Debtor's debt to the OBWC for the Benefits and accrued interest is excepted from discharge by § 523(a)(6). In light of the Court's ruling that the Debtor's debt to the OBWC for the Benefits and accrued interest is excepted from discharge by § 523(a)(2), the request for relief under § 523(a)(6) is no longer of practical significance and therefore is moot. *See Finstad v. Florida, Dep't of Bus. & Prof'l Regulation*, 295 Fed.Appx. 352, 353 (11th Cir.2008) ("A complaint becomes moot when it no longer presents a 'live' controversy or a ruling on the issues would have no practical significance."), *cert. denied*, —— U.S. ——, 130 S.Ct. 145, 175 L.Ed.2d 36 (2009); *Hardesty v. U.S. Bank, N.A. (In re Schmidt)*, 445 B.R. 865,

---

**3.** In addition to any amount actually obtained by fraud, the "full liability traceable to that sum" also is nondischargeable. *Cohen v. de la Cruz*, 523 U.S. 213, 219, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998). In other words, "[o]nce it is established that specific money or property has been obtained by fraud ... 'any debt' arising therefrom is excepted from discharge." *Id.* at 218–19, 118 S.Ct. 1212.

**4.** The OBWC also requests a money judgment against the Debtor. The Court will not grant the OBWC a money judgment, but instead will by separate order set a status conference to address issues relating to the request for such a judgment. *See Dragisic v. Boricich (In re Boricich)*, No. 08 A 00728, 2011 WL 2600692, at *9 (Bankr.N.D.Ill. June 29, 2011) ("Recently, the Supreme Court issued *Stern v. Marshall*, —— U.S. ——, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011).... [That] opinion calls into question whether a bankruptcy judge may enter a final money judgment on a state law claim in a nondischargeability action.").

868 (Bankr.S.D.Ohio 2011) (dismissing as moot the Chapter 7 trustee's claim to avoid a mortgage under § 544(a)(1) after the court granted summary judgment in favor of the trustee on his claim to avoid the mortgage under § 544(a)(3)).

### VI. Conclusion

For the foregoing reasons, the Court **GRANTS** the Motion as it relates to Count I; the Court determines as a matter of law that the Debtor's debt to the OBWC for the Benefits, together with interest provided for under Ohio law, is excepted from discharge by § 523(a)(2). Count II is **DISMISSED** on the basis of mootness. The Court will enter a separate judgment entry in accordance with this memorandum opinion.

**IT IS SO ORDERED.**